Stephen H. Wosbigian *vs.* Washburn and Moen Manufacturing Company.

Worcester.   September 28, 1896. — October 22, 1896.

Present: Field, C. J., Holmes, Knowlton, Lathrop, & Barker, JJ.

*Personal Injuries — Master and Servant — Defective Machine — Negligence — Action.*

The changing of the rolls used in the machines in a wire mill, which is necessary to be done several times daily, and which requires the doing of some work in repairing the rolls taken out and in fitting them for use again, is necessarily involved in the ordinary use of the machines and may properly be left to competent servants as a part of their work of managing the machines which calls for no attention by the master, if he keeps the servants properly supplied with suitable rolls and other necessary articles.

If a competent person is employed to change the rolls used in a machine in a wire mill, which is necessary to be done several times daily, and in doing which a guard over the gearing is removed and the gearing oiled, and on one occasion he fails to replace the guard, and a few minutes later the servant who tends the machine, not noticing its absence, is injured by the exposed gearing, the master is not chargeable with negligence which will sustain an action for the injury.

Tort, for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant while employed in its wire mill.   Trial in the Superior Court, before *Braley*, J., who, at the defendant's request, ruled that the action could not be maintained, and directed the jury to return a verdict for the defend-

---

ant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*M. M. Taylor*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.

KNOWLTON, J. This is an action at common law, to recover damages for an injury alleged to have been caused by the defendant's negligence in allowing the machinery on which the plaintiff was working to become defective and out of repair. The evidence tended to show that the machinery was all in perfect condition at the time of the accident, except that a wooden box or guard over a part of the gearing had negligently been left out of place on the floor by a workman who had just been oiling the gearing. While the plaintiff was working on the machine, his fingers were caught in the gearing, and he was hurt. Assuming in his favor that the jury might have found that he was in the exercise of due care in going to work and getting his fingers caught, while the guard was lying on the floor with the gearing exposed immediately before him, there remains the question whether there is any evidence of negligence of the master in not having the guard in its place immediately after the oiling.

There were two reducing rolls used in the machine which were usually taken out and replaced by others two or three times a day. When this was done, the guard was taken off and the gearing was oiled, and the guard was also sometimes taken off when the machinery was oiled at other times. The men who tended the machines were not accustomed to oil them and change the rolls, but two other men were regularly employed to do this. Were these men doing a part of the work that was within the department of the master, whose duty it was to furnish his servants with tools and machinery as suitable and safe as the exercise of reasonable care would secure, or were they doing the work of mere servants in making necessary changes of parts incident to the management of the machines in the ordinary use of them? If these changes had regularly been made in the ordinary course of their business by the persons who tended the machines, there would have been no doubt that in making them they would have been mere servants, for whose negligence the master would not be liable, and to whom, if competent, he could trust the work without any other duty than to furnish them proper materials

and appliances for carrying it on.  The only ground for doubt arises from the fact that the work was done by machinists who were specially employed for that purpose.  But it appears that there was work to be done in repairing the rolls which were taken out, and in fitting them for use again, which could not be done by ordinary persons who were only taught to tend the machines, and which called for the employment of machinists.  So far as appears, the changing of the rolls and oiling of the machines was a simple kind of work, which the machine tenders might have done as well as others.  We are of opinion that these changes were necessarily involved in the ordinary use of the machines, and could properly be left to competent servants as a part of their work of managing the machines that called for no attention by the master if he kept the workmen properly supplied with suitable rolls and other necessary articles.  See *Bjbjian* v. *Woonsocket Rubber Co.* 164 Mass. 214.

But if the fact that machinists were regularly employed to do this work, and the testimony that in changing the rolls the bolts were taken from the housings, and the housings were swung around so far that the rolls could be lifted out of the box, are evidence which would warrant the jury in finding that these changes were in the nature of a repair or reconstruction or adjustment of the machines beyond that which persons tending them could reasonably be expected to make as incident to the business of running them, even if they were supplied with proper rolls to substitute for those taken out, it is clear that the changes were necessarily made frequently, and that the work of making them was such as ordinarily would be intrusted to servants.  If, therefore, competent employees were obtained to do it, the master was not liable for their negligence, even though he might be held if he failed to exercise a reasonable supervision of them that would enable him to ascertain whether they were doing their work well, or if he failed promptly to remedy any defects that he discovered in their work.  *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209.  *Rogers* v. *Ludlow Manuf. Co.* 144 Mass. 198.  *Rice* v. *King Philip Mills,* 144 Mass. 229.  *Moynihan* v. *Hills Co.* 146 Mass. 586.  There was no evidence that the men who made the changes were not competent, nor that the accident was caused by a lack of proper supervision by the mas-

ter's agents, or by the neglect of its agents to remedy any defect of which they had knowledge. The only carelessness of which there is any evidence, unless it be the carelessness of the plaintiff, was the neglect of the workman to replace the guard which he left on the floor by the machine. The evidence tends to show that the oiling had been finished only a very short time before the accident, — so short a time, indeed, that the plaintiff had not noticed the absence of the guard from its place. Clearly, the defendant owed the plaintiff no duty to supervise the workmen so strictly as to discover immediately after they had finished oiling a machine whether they had restored the guard to its place. There was no evidence that the defendant gave up to the machinists the business of performing the master's whole duty in regard to the machinery, including that of supervision. There is nothing in the case that makes the defendant responsible to any other servants for their negligence, and there is no evidence of negligence on the part of the corporation, or its officers or agents.                              *Exceptions overruled.*