PETER STEWART vs. INTERNATIONAL PAPER COMPANY.

Androscoggin.    Opinion December 12, 1901.

*Negligence.   Defective Machinery.   Master and Servant.   Fellow-Servant.*

Supplying safe machinery and appliances, as a duty imposed on the master, is one thing; the operation of the same by his servants in the business for which they are used, is another.

In operating machinery, or in the ordinary use of appliances furnished, a servant assumes the risk of injury from the negligence of his co-servant, if the servant employed is competent for the service required of him.

A master is not liable to one servant for the negligence of a co-servant in the management and use of suitable structures and appliances in carrying on the master's work.

The ordinary use of machinery and appliances may be left to competent hands, calling for no attention by the master, where he has supplied the servant with suitable machinery and appliances.

The plaintiff alleged that he was injured by falling into a drain in defendant's pulp mill, situated in the basement, and uncovered at the moment when the accident occurred.  This drain, several inches deep, was used to carry off the waste pulp that collected around the pump and floor.  A plank had been provided with which to cover the drain, and which, so far as the exceptions show, was proper both in size and in all respects for the purpose.  When the plank was down over the drain, it formed a part of the floor of the basement and was used by the employees.  But in order to use the drain, it was necessary to remove the plank and use it in that way, including the removal of the plank,—a matter of daily occurrence.

*Held;* that the servant, whose duty it was to remove the plank in order that the drain might be used, and then to replace it, was not performing any of the personal duties which the master owed to his employees.

The negligence of this servant in the use, management and operation of an appliance provided by the master, and which so far as the question raised by the defendant's exceptions is concerned may be assumed to have been suitable and proper in all respects, was the negligence of a co-servant of the plaintiff, for which the defendant is not liable.

Exceptions by defendant.    Sustained.

Case for injuries received by plaintiff while in the employ of the defendant at their mill at Rumford falls.

The opinion states the case.

*D. J. McGillicuddy* and *F. A. Morey*, for plaintiff.

*G. D. Bisbee* and *R. P. Parker*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

WISWELL, C. J.   The plaintiff, having sustained personal injuries while in the employ of the defendant in the latter's pulp mill, alleged, as one of the causes therefor, a drain in the basement of the mill which, at the moment of the accident, was uncovered and into which the plaintiff stepped, fell, and in consequence thereof received the injuries complained of.

This drain, several inches deep, was used to carry off the waste pulp that collected around the pump and upon the basement floor. A plank had been provided with which to cover the drain, and which, so far as the exceptions show, was proper in size and in all respects for the purpose.   When the plank was down over the drain, it formed a part of the floor of the basement and was used by the employees who had occasion to be there.   But in order to use the drain for the purpose for which it was intended, in washing the basement floor and in carrying off the waste pulp that had accumulated there, it was necessary to remove the plank, and the use of the drain in this way, including the removal of the plank covering it, was a matter of daily occurrence.

The presiding justice gave very clear instructions to the jury in regard to the respective rights and duties of master and servant, and especially as to the duty of the master, "not only to provide, but to maintain, a reasonably safe place in which his employee may do his work."   In the course of his instructions he said: "While an employer in contracting does not make himself liable as a rule for the negligence of other parties, and the employee takes upon himself and assumes the risks which arise from the negligence of fellow-servants, yet so far as these personal obligations which I have named, those of providing and maintaining a safe place in which to do the work, are concerned, the master or employer can not escape his responsibility by delegating that work to another servant."   He then gave the following instruction, which is the one complained of: "And if you find, under the rules which I have given you, and under the evidence in this case, that the servant whose duty it was to replace

that plank, was negligent in not replacing it, after he had moved it for the purpose of washing out the basement, then that negligence would be negligence for which the master would be responsible, in case the injury resulted to the plaintiff therefrom."

This was an incorrect application of the general principles, already correctly given to the particular facts referred to.   The servant whose duty it was to remove the plank in order that the drain might be used, and then to replace it, was not performing any of the personal duties which the master owed to his employees.   The negligence of this servant in the use, management and operation of an appliance provided by the master, and which so far as the question raised by the exception to this instruction is concerned, may be assumed to have been suitable and proper in all respects, was the negligence of a co-servant of the plaintiff, for which the defendant was not liable. The negligence referred to in the instruction was not in the construction or maintenance of a reasonably safe place for the servant to perform his work, for which the master would be liable, but it was the fault of a co-servant in the operation of an appliance provided by the master.   Supplying safe machinery and appliances is one thing; the operation of the same in the business for which they are used, is another.   In operating machinery, or in the ordinary use of appliances furnished, a servant assumes the risk of injury from the negligence of his co-servant, if the servant employed is competent for the service required of him.   A master is not liable to one servant for the negligence of a co-servant in the management and use of suitable structures and appliances in carrying on the master's work.   The ordinary use of machinery and appliances may be left to the competent hands, calling for no attention by the master, where he has supplied the servant with suitable machinery and appliances.   The authorities in support of these propositions are very numerous, the citation of only a few is necessary.   *Rounds* v. *Carter*, 94 Maine, 535; *Small* v. *Manufacturing Company*, 94 Maine, 551; *Wosibigian* v. *Washburn and Moen Manufacturing Company*, 167 Mass. 20.   A very full collection of the authorities may be found in the exhaustive note to *Mast* v. *Kern*, 34 Oregon, 247, in 75 Am. St. Reports, 580-605.                                          *Exceptions sustained.*