## PARRY MANUFACTURING COMPANY *v.* EATON, BY NEXT FRIEND.

[No. 6,144.   Filed January 17. 1908.]

1. PLEADING.—*Complaint.—Amendments.—After Trial.*—Permitting the plaintiff, in a personal injury case, after the defendant had moved for a peremptory instruction in its favor, to amend his complaint by showing that the plaintiff had no knowledge of the danger which caused his injury, and admitting testimony in support thereof, is not an abuse of discretion, no prejudice to the defendant being shown because thereof.   p. 85.

2. TRIAL.—*Reswearing Jury.—Amendments.*—Where an amendment to the complaint is permitted, and the defendant desires the jury to be resworn. it is such defendant's duty to make a motion therefor.   p. 87.

3. SAME.—*Instructions.—Master and Servant.—Assumption of Risk.*—An instruction that, to entitle the servant to recover, he must show that the risk of the defect which caused his injury was not knowingly assumed by him, is not erroneous, where a previous part of the same instruction stated that the servant assumes all risks reasonably incident to the service so far as the hazards thereof are known, or of which, by the exercise of reasonable care he should have knowledge.   p. 87..

4. SAME.—*Instructions.—Master and Servant.—Assumption of Risk.*—Instructions stating that the servant must prove by a

preponderance of the evidence that he could not, by the use of ordinary care, have known of the defect by which he was injured, and that his recovery depended upon his ignorance of such defect after using such care, are not erroneous on the ground that they permit the jury to return a verdict for such servant by inferring without evidence that he did not assume the risk. p. 88.

5. TRIAL.—*Instructions.—Master and Servant.—General.—Particular.—Misleading.*—An instruction correctly containing the only state of facts under which a servant can recover for personal injuries, followed by an instruction containing one out of many states of facts entitling defendant to recover, is not misleading, where other facts entitling defendant to recover are stated in other instructions. p. 88.

6. SAME.—*Instructions.—Master and Servant.—Safe Place.—Continuing Duty.—Delegation of.*—An instruction that if the servant was injured because of the negligence of a fellow servant in placing a bar across a window, the plan of fastening such shutter being proper, the defendant should recover, is bad, since the duty of maintaining a reasonably safe place in which servants may work is continuing and cannot be delegated. p. 89.

7. MASTER AND SERVANT.—*Safe Place.—Duties of Master.—Fellow Servants.*—It is the master's duty to furnish a safe place, safe tools, competent fellow servants, and warning of latent defects; and the persons employed in doing the common work are fellow servants for whose negligence the master is not liable. p. 89.

8. SAME.—*Fastening Windows.—Master's Duty.*—A servant in fastening open the iron shutters on the third floor of a building is performing the master's duty as to a servant walking on the ground thereunder. p. 90.

9. SAME.—*Negligence.—Ordinary Care.—How Determined.*—In determining whether the master exercised ordinary care the jury should look at the conditions before the injury and not after the accident has occurred. p. 90.

10. SAME.—*Negligence.—Ordinary Care.—Great Danger.*—Ordinary care, where the dangers are great, may require very exact and unremitting attention. p. 91.

11. SAME.—*Ordinary Care.—Fastening Iron Window Shutters.*—Fastening iron window shutters, on the third floor of a building, by the placing of an iron rod across same, would likely result seriously to persons on the ground, should an accident occur. p. 91.

12. SAME.—*Ordinary Care.—Probability of Injury.*—The probability of resulting injury is an important element in determining the question of ordinary care. p. 91.

13. SAME.—*Negligence.—Anticipation of.*—Where the injury could not reasonably have been anticipated, negligence cannot be imputed. p. 91.

14. NEGLIGENCE.—*When for Jury.*—Where the facts in a negligence case are such that reasonable men could draw diverse inferences, the question is for the jury. p. 91.

15. MASTER AND SERVANT.—*Safe Place.*—*Absence of Prior Accidents.*—*Question for Jury.*—Whether the master was liable for negligence in the manner of fastening window shutters on the third floor of its building, although such fastening had been used for six years without accident, is a question for the jury. p. 92.

16. SAME.—*Fastening Window Shutters.*—Where the master, to hold open iron window shutters, maintained an iron bar fastened across a window on the third floor of its building, and a servant walking on the ground, ignorant of the danger, was injured by the fall of such bar, and the defendant could reasonably have anticipated danger therefrom, defendant is liable. p. 93.

From Superior Court of Marion County (64,356); *James M. Leathers,* Judge.

Action by James C. Eaton, by his next friend, against the Parry Manufacturing Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Joseph W. Hutchinson* and *William A. Ketcham,* for appellant.

*John Weaver,* for appellee.

COMSTOCK, J.—The plaintiff, an infant, by his next friend, Edward Eaton, brought this action against the Parry Manufacturing Company, a corporation duly organized and doing business under the laws of the State of Indiana, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The second amended complaint, upon which the cause was tried, was in one paragraph, and is substantially as follows: That on or about April —, 1903, plaintiff was in the employ of the defendant in its buildings situated on South Illinois, Henry and other adjoining streets in the city of Indianapolis, where it was engaged in the manufacturing and selling of buggies and other vehicles; that a short distance west of Illinois street, running north from Henry street to the entrance of one of defendant's buildings, there was a way about ten or twelve feet wide between two of the defendant's buildings facing on

Henry street, which was the way of ingress and egress of the employes of the defendant to and from the entrance of said buildings at the north end of said way; that the buildings facing Henry street and on the east side of said way were three or more stories high, and at a third-story window on the side of the building facing said way were two iron window shutters; that on the inside of each shutter, and on the outside when the shutters were open, about the middle of each and attached to each, was an iron socket or support; that said shutters were open and there was an iron bar about one and one-half inches wide, one-half inch thick, and about six or seven feet long across the window and the shutters on either side, with its ends resting in the sockets of said shutters, which had been so placed by defendant for the purpose of holding said shutters open; that there was nothing about said sockets to prevent said bar from slipping out of them, and said bar was in no way fastened to said building, nor to said shutters, nor to said sockets, so as to prevent it from slipping out of said sockets nor from falling in case it should slip out of them; that the action of the wind would move said shutters backward and forward, and anything which worked them backward and forward tended to work said bar out of said sockets, said bar and sockets not preventing the movement of said shutters; that the defendant placed said sockets on said shutters and said bar in said sockets negligently and carelessly, then and there knowing that said condition was dangerous; that the plaintiff and a large number of other employes of defendant passed under the window at which said bar was placed, in the regular course of their work, and that said bar was liable to slip out of said sockets and fall at any time and injure or kill this plaintiff and such other employes while they were so passing beneath said window; that the plaintiff did not know that defendant had placed said sockets on said shutters and that said bar had been negligently and carelessly placed in said sockets on said shutters, and that the condition was dangerous, and by

using ordinary care and diligence could not have so known, and did not know that said bar was liable to slip out of said sockets and fall at any time, and by using ordinary care and diligence could not have so known; that said plaintiff did not know that there was nothing about said sockets to prevent said bar from slipping out of them, nor from falling in case it should slip out of them, and that by using ordinary care and diligence he could not have known said facts; that the defendant negligently and carelessly allowed said bar to remain in said sockets and said sockets on said shutters, knowing, or by using ordinary care and diligence could have known, that said bar was liable to slip out of said sockets at any time and fall and injure or kill this plaintiff and said other employes while passing beneath said window in going to and from their work and while in the regular course of their work; that about 1 o'clock of said date, at the end of the noon hour, as plaintiff was going through said way to the entrance of defendant's building at the north end thereof to commence work therein, said bar slipped out of said sockets, and fell and struck plaintiff on the head (describing injuries for which he seeks damages). Plaintiff demands judgment for $10,000.

The defendant's demurrer for want of facts was overruled by the court, and the cause was put at issue by general denial. A trial by jury resulted in a verdict and judgment in favor of appellee for $600.

The errors assigned are the action of the court in overruling appellant's demurrer to the complaint and the motion for a new trial.

After both plaintiff and defendant had rested, and the plaintiff had rested in rebuttal, and the defendant had requested the court to instruct the jury to find for the defendant, the plaintiff was permitted, over the objection of the appellant, to amend his second complaint as follows: "That the plaintiff did not know that the defendant had placed sockets on said shutters and said bar

in said sockets had been negligently and carelessly placed there, and that the condition was dangerous, and by using ordinary care and diligence could not have so known, and did not know, that said bar was liable to slip out of said sockets and fall at any time, and by using ordinary care and diligence could not have so known; that said plaintiff did not know that there was nothing about said sockets to prevent said bar from slipping out of them, and that said iron bar was in no way fastened to said building, nor to said shutters, so as to prevent it from falling in case it should slip out of said sockets, and that by using ordinary care and diligence he could not have known said facts; that plaintiff did not know, and by using ordinary care and diligence could not have known, that said bar had been negligently and carelessly placed in said sockets by defendant, and had been left by defendant so negligently and carelessly placed in said sockets." To which action of the court defendant excepted. It is claimed that this was an irregularity in the proceedings of the court which prevented defendant from having a fair trial, in permitting said amendment to be made and in not reswearing the jury to try the case upon the complaint as amended, and that there was error of law after said amendment had been made in permitting the plaintiff, over the defendant's objection, to be asked by his counsel certain questions relating to his knowledge of the manner in which the shutters were fastened when open, how the iron bar was held across the window, and other questions intended to show plaintiff's knowledge or ignorance of the danger hidden or apparent at the time and place where he received his injury.

Appellee was cross-examined by counsel for appellant as to this supplemental testimony.

The right to permit amendments to pleadings is given to the trial court, the exercise of which is reviewable by the appellate court. §§347, 403 Burns 1908, §§342, 394 R. S. 1881 and Horner 1901. Such amendments may be made after

the evidence is heard.   The issues were not changed by the amendment, nor does it appear that appellant was misled or that its rights were prejudiced thereby.   *Citizens St. R. Co.* v. *Heath* (1902), 29 Ind. App. 395; *Toledo, etc., R. Co.* v. *Stephenson* (1892), 131 Ind. 203; *La Plante* v. *State, ex rel.* (1899), 152 Ind. 80; *Judd* v. *Small* (1886), 107 Ind. 398; *Burns* v. *Fox* (1888), 113 Ind. 205; *Hay* v. *State, ex rel.* (1877), 58 Ind. 337; *Wabash, etc., R. Co.* v. *Morgan* (1892), 132 Ind. 430; *Chicago, etc., R. Co.* v. *Hunter* (1891), 128 Ind. 213; *Bever* v. *North* (1886), 107 Ind. 544.

It does not appear that a request was made to have the jury resworn.   It has been held that without such request no question is presented. *Indianapolis St. R. Co.* v. *Fearnaught* (1907), 40 Ind. App. 333.   Appellant concedes that if the court was authorized to allow the amendment, no question is presented by the first error assigned.

Appellant discusses the refusal of the court to give instruction eleven, requested by it, and the giving of instructions nine, ten, eleven and thirteen.

The following is the part of instruction nine, to which objection is made:   ''It is incumbent upon the plaintiff to show in this case, before he is entitled to recover, that the risk of the defect or hazard, if any, whereby he claims to have been injured, was not knowingly assumed by him.''   It is insisted that it eliminated from the consideration of the jury that element of plaintiff's case which required him to prove that he did not assume the risk; that the question is not, did the plaintiff knowingly assume the risk, but did he know and appreciate the danger?   That if he knew and appreciated the danger, then he assumed the risk, whether he understood his contract of employment and the relation he sustained to his employers with reference to the assumption of risk or not.   Earlier in the instruction than the part set out it is stated that the employe assumes all risks reasonably incident to the service and as far as the

hazards thereof are obvious and open; that he is held in law to assume the risks that are incident to the employment of which he has knowledge, or of which, in the exercise of reasonable precaution, he ought to have knowledge. The objections made to a part of the instruction are not well taken when the entire instruction is read.

In instruction eleven the court told the jury that the plaintiff must prove by a preponderance of the evidence that at the time and place in question he could not, by the use of ordinary care and diligence, have known of the danger of the bar's slipping out of the sockets and injuring him, and in instruction twelve plaintiff's recovery was made conditional upon the fact that he did not know, and could not have known by the exercise of reasonable care, that the bar was in danger of slipping from the sockets and injuring him. We cannot agree with counsel that the instructions "gave the jury the right, in case, by reason of sympathy or prejudice, they might desire to return a verdict for the plaintiff, to infer, without evidence, that he did not assume the risk."

It is also claimed that the court erred in giving instructions twelve and thirteen "as given;" that, taken together, they were misleading in this, that "whereas, in instruction twelve the only state of facts which would justify a verdict for the plaintiff was given, in instruction thirteen only one of several possible states of facts under the evidence—and that the fact that the defendant did not know of this danger—was stated, under which defendant would be entitled to recover." The correctness of instruction twelve is not questioned, nor can we see, in view of other instructions given, how the jury could have been misled by the thirteenth. For example, the fourteenth stated that if the plaintiff either knew, or by the exercise of reasonable diligence could have known, that the bar was liable to fall to the ground and injure him, but that with this knowledge, or

opportunity for such knowledge, he passed through the space in question while going to his work, and while so doing received the injury complained of, he would be held to assume the risk, if any, from the falling of said bar, and the verdict should be for the defendant. The seventh and eighth instructions, among other things, stated that the plaintiff must prove that the injury complained of was one that, in the exercise of reasonable foresight, the defendant ought to have anticipated, and if it appeared from the evidence that the accident was one which, in the exercise of reasonable care, the defendant could not have reasonably foreseen, the verdict should be for the defendant.

Said instruction eleven, refused, is as follows: "If you should be of the opinion that the injury complained of was occasioned, not by the plan or method adopted for holding open the shutters, but on account of the negligent and improper manner in which the bars were placed in position on that particular morning, as the result of which, by the operation of the wind and other unknown causes, the bar holding the shutters open worked loose and fell, I instruct you that such negligence, if it existed at all, would not be the negligence of the company, but would be the negligence of a co-employe, for which the plaintiff cannot recover." The court would have erred in refusing to give the foregoing instruction, if the duty imposed upon appellant had not been a continuing one. The duty to furnish a reasonably safe place in which the employe is to work is a continuing duty which cannot be delegated. *Williams* v. *North Wis. Lumber Co.* (1905), 124 Wis. 328, 102 N. W. 589; *Western Electric Co.* v. *Hanselmann* (1905), 136 Fed. 564, 69 C. C. A. 346, 70 L. R. A. 765.

When a master has provided a safe place, safe tools and safe co-employes, and has given sufficient warning of hidden or latent dangers, he may commit to the employes the details of the work; and the employes prosecuting the work become fellow servants, whatever their rank, so

that the negligence of the one by which others are injured, is the negligence of a fellow servant. *Williams* v. *North Wis. Lumber Co., supra.* In the opinion in the case just cited the following instructive cases are cited: *Van den Heuvel* v. *National Furnace Co.* (1893), 84 Wis. 636, 54 N. W. 1016; *Dahlke* v. *Illinois Steel Co.* (1898), 100 Wis. 431, 76 N. W. 362; *Okonski* v. *Pennsylvania, etc., Fuel Co.* (1902), 114 Wis. 448, 90 N. W. 429; *Grams* v. *C. Reiss Coal Co.* (1905), 125 Wis. 1, 102 N. W. 586; *Wosbigian* v. *Washburn, etc., Mfg. Co.* (1896), 167 Mass. 20, 44 N. E. 1058; *Cregan* v. *Marston* (1891), 126 N. Y. 568, 27 N. E. 952, 22 Am. St. 854.

8. The case at bar does not come within the rule. Whoever placed, or attempted to place, the bar stood for the defendant, and what he did had the same effect in law as if the defendant company had done it.

It is contended in behalf of appellant, that there was a total lack of evidence (1) of defendant's negligence, (2) of defendant's knowledge of the danger, (3) of plaintiff's lack of knowledge of the danger.

If the bar as used, which struck plaintiff, was straight at one end, the negligence of the defendant could not reasonably be questioned. The jury may or may not have accepted this testimony as correctly describing the bar and deemed it conclusive of defendant's negligence. Ignoring the testimony of this witness, was the bar reasonably safe, or did appellant exercise reasonable care if the bar was as described by the other witnesses?

9. What is proper care and caution in a given situation is gauged by the danger which is to be reasonably apprehended "under circumstances existing at the time, and not by looking backward after the accident has happened." *Kirby* v. *Delaware, etc., Canal Co.* (1897), 20 Hun, App. Div., 473, 46 N. Y. Supp. 777.

It has been said that ordinary care, if the danger is great, "may arise to the grade of a very exact and unremitting

attention." *Texas, etc., Railway* v. *Barrett* (1897), 166 U. S. 617, 41 L. Ed. 1136, 17 Sup. Ct. 707; *Laufer* v. *Bridgeport Traction Co.* (1896), 68 Conn. 475 37 L. R. A. 533.

The means of making this contrivance safe, so as to avoid injury to others, were completely within the possession of appellant. That the injury, if any occurred, was likely to be serious, under the conditions shown, cannot be doubted.

The probability of injury arising from want of care is also an important element in determining the degree of care required. *Kelsey* v. *Barney* (1855), 12 N. Y. 425.

An injury that could not reasonably have been anticipated will not be imputed to negligence. *Little Rock, etc., R. Co.* v. *Barry* (1898), 56 U. S. App. 37, 84 Fed. 944, 28 C. C. A. 644. One witness testified that he had been placing the bars on the windows ever since the erection of the building, about six years before, and that during that time he did not know of the falling of any of them. From the facts recited and the law as recognized, who is to determine whether the appellant was negligent as charged?

The cases of negligence in which courts will withdraw the case from the jury, or direct a verdict, are generally those in which reasonable minds cannot differ as to the conclusions to be drawn from the facts. Where the facts are in conflict or where they are undisputed, but reasonable minds might differ as to the conclusions to be drawn therefrom, the case must go to the jury. *Anderson* v. *City R. Co.* (1903), 42 Ore. 505, 71 Pac. 659.

In the case last cited a street railway company constructed its track so near the superstructure of a bridge as to leave only eighteen inches between the frame work thereof and the outer edge of the footboard of the cars. A passenger riding on the footboard, the seats on the inside being oc-

cupied, was injured by coming in contact with a strut of the bridge. The court held that the fact that the railway had been operated for ten years, and that no accident had occurred from a like cause until then, did not show an absence of negligence as a matter of law.

In *Burke* v. *Witherbee* (1885), 98 N. Y. 562, cited by appellant, the plaintiff sued for damages for personal injuries. Ore was taken out of a mine upon cars drawn upon a track by a cable to which the car was attached by a hook. Two cars were used, one of which was loaded while the other was being drawn out and on return of the empty car the hook was shifted to the loaded one. As an empty car was descending, the hook in some way became detached, and plaintiff's intestate was struck and killed. It appeared from the evidence that in this mine, as well as in other mines, where two cars were thus operated, the hook was always used on account of the facility with which it could be changed from one car to another. It had been used in the mine over a year, day and night, without the happening of any previous accident of this kind. It was held that the evidence did not justify the inference of negligence on the part of the defendant, and that a refusal to nonsuit was error. The opinion further holds that the hook was in plain sight of the men operating the mine; that they rode in the car and were as capable of judging its safety as the defendant, and must manifestly have supposed that there was no danger from the use of the hook.

While these cases are not the same in all respects, the question of the inference to be drawn from continuous use of a device without previous accident is the same. In these and numerous other cases the uncertainty in the application of the rule which obtains in the withdrawal of cases from the consideration of the jury is illustrated. Whether more than one conclusion can be drawn from a given state of facts by ordinarily reasonable minds

must still be largely left to the determination of the trial court, subject, of course, to review.

We believe the case was properly submitted to the jury. The instruction clearly told the jury that negligence could not be presumed, but must be proved by a preponderance of the evidence, and that to establish the negligence charged it would not be sufficient for the plaintiff to show that an accident had happened and that the injury resulted therefrom. "In order to recover, the plaintiff must prove to your satisfaction that the accident causing the injury complained of was one that, in the exercise of reasonable care and foresight, the defendant ought to have anticipated and foreseen. If, therefore, you find from the evidence that the accident and resulting injury complained of was one which, in the exercise of reasonable care at the time of the accident, the defendant could not have reasonably foreseen, then it belongs to that class of occurrences which in law are known as 'accidental,' and for which no liability exists."

The conditions which made the contrivance dangerous were within appellant's knowledge, or easily ascertainable.

As to the third, there was evidence to show the plaintiff's ignorance of the danger. His opportunities of knowing were not equal to appellant's. To have required of him knowledge of any special peril, as the one which caused his injury, would have been unreasonable. It was of such a character, and so located with reference to the place in which he worked and the way over which he walked to and from his labor, that it might well have escaped his observation. Besides, he testified that he could not tell on what the shutters rested, nor whether the bar or its supports were safe.

The law would not require scientific perfection in the construction of such a contrivance as the one under consideration; but, in view of the serious injury likely to follow an accident, it would require a high degree of care to ascertain the best plan, and then diligence in carrying it out.

The remaining questions discussed may be disposed of in determining whether the verdict is sustained by sufficient evidence. It is shown that appellee was at the time of the accident seventeen years old, and was and had been working for appellant as a roustabout, carrying spokes, buggy bodies and the like for five or six weeks. He had work in a wood room, which was about twenty feet north of the north end of the alleyway. The wind had a velocity of about forty-four miles an hour. Appellee was in the entrance or alley between two of appellant's buildings on his way to his work when one of the bars fell from a third-story window and caused the injury for which he sues. The general construction of the bar and shutter was as described in the complaint. One witness for appellee testified that the bar which struck appellee was straight at one end. The following cut fairly shows the shutters open and the bar in place:

By looking straight up he could see the under side of the shutters and bar. He had gone through the alley four times

each day that he worked for appellant. He knew of the general construction of the device, but could not see how the contrivance was fixed. He had not examined it at the window. No one had told him that the bar might fall out. He could not tell whether the bar or supports were in a safe condition, nor whether the bar allowed the shutters to play backward and forward. The wind occasionally, in March and April, blew hard and flapped the shutters, and it was with the flapping of the shutters that the bar fell out. It weighed sixteen pounds. All said bars were put in position every morning and taken down every night by an employe designated by appellant's superintendent for that purpose. He had opened and closed said shutters and placed said bars in place every day for five or six years previous to the accident. The bar that fell was not fastened to the sockets or shutters in any way, unless the fact that the bar bent upward at each end and formed shoulders against the supports, so that it could not slip out without being raised, constituted a fastening. Appellee did not see anything falling, but heard others calling "look out," and was struck while running to get out of the way. Eight hundred men passed through this alley under the bars every day. There was no other way to go to or come from said building.

We find nothing in the record to warrant a reversal of the judgment. Affirmed. Roby, C. J., Hadley, P. J., Myers and Watson, JJ., concur.

Rabb, J., files concurring opinion.

## CONCURRING OPINION.

RABB, J.—I concur in the decision of the court in this case, but cannot concur in the view expressed in the opinion of the court that, ignoring the testimony of the witness, who testified that the iron bar used to fasten the iron shutters on appellant's window, spoken of in the case, which fell and struck the appellee, was straight at one end, the evidence would be sufficient to sustain a charge of negligence.

If the said iron bar was as represented in the cut show-ing the window, the bar and its fastenings, the bar being one-half inch thick, one and one-half inches wide, and seven feet long, the possibility of its working up out of the socket three and one-half inches deep, is so remote that no reason-able person could be expected to anticipate such an occur-rence, and neither court nor jury would be justified in find-ing that so extraordinary an occurrence should have been anticipated. If, however, the bar was straight at one end, a different proposition is presented.

Inasmuch as this court cannot weigh the evidence, but must accept that which is most favorable to the view adopted by the jury to sustain the verdict, I am disposed to concur in the result.