ALICE A. FLYNN *vs.* PRINCE, COLLINS AND MARSTON COMPANY.

Essex.    December 2, 1907. — March 7, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.

At the trial of an action of tort against the proprietor of a shoe factory by a woman employed therein, there was evidence tending to show that, while the plaintiff was changing to her working clothes in a dressing room furnished by the defendant for that purpose, her clothing became caught in some exposed shafting, which extended about a foot and a half into one side of the room and was about a foot and a half above the floor; that ordinarily the shafting was so covered by a wooden box that it was entirely invisible, that it ran so smoothly as not to be heard in the room, and that its presence was not known to the plaintiff; that, on the occasion of the accident, the engineer of the factory, in repairing the machinery, had removed the box and had left the shafting uncovered while he went

to the engine room to start the machinery, without any warning to persons using the dressing room. The defendant requested the presiding judge to direct a verdict for him. The request was refused. *Held,* that the refusal was correct, since the danger of injury from the exposed machinery was hidden and not a risk which the plaintiff had assumed, and since, in performing the duty to furnish a safe place for his employees, a duty which he could not delegate, the defendant was bound to see that the shafting in the dressing room was covered when the machinery was in motion, or, if it was not covered, that a warning was given.

TORT by a woman employed in the defendant's shoe factory at Danvers, to recover for injuries alleged to have been caused by negligence of the defendant in not providing a safe place for the plaintiff to use in the course of her employment. Writ in the Superior Court for the county of Essex dated March 24, 1905.

There was a trial before *White,* J. Besides the facts stated in the opinion, it appeared that the shafting there described was about a foot and a half above the floor, and that, where it extended into the dressing room, it rested upon a bracket; and there was evidence tending to show that all of this machinery which was in the dressing room always had been covered by the box so completely that none of the plaintiff's witnesses knew that there was any machinery under the box.

The immediate circumstances of the accident were as follows: The engineer of the factory had been repairing the machinery on the evening before the accident, had removed the box in the dressing room and, not completing his task, had left the machinery uncovered until the next morning. Having completed his repairs the next morning, he went downstairs to the engine to start the machinery so that he could put the belts on, but left off the box covering in the dressing room, and thus the machinery was exposed. The plaintiff, in changing to her working clothes, had her large working apron partly on when it caught in the machinery into which her hand then was drawn.

Other facts are stated in the opinion.

At the close of the evidence, the presiding judge refused to direct a verdict for the defendant, the jury found for the plaintiff, and the defendant excepted.

The case was submitted on briefs.

*D. N. Crowley,* for the defendant.

*J. J. Cahill & J. F. Quinn,* for the plaintiff.

LORING, J.  We assume that the case was tried on the second count.  That was a count at common law for not providing a safe place for the plaintiff in the course of her employment.

The arrangement of the dressing room adopted and maintained by the defendant was, or at any rate could be found to be, an extraordinary, dangerous and negligent one.  To make a dressing room for its employees, the defendant company enclosed a corner of the stitching room by carrying the partition wall over the shaft, leaving a foot and a half of the shaft on the dressing room side of the partition wall.  Among the hooks which it put up for the employees to hang their working clothes on when not on duty and their street clothes when on duty, was one, and perhaps more than one, immediately over the shaft.  The danger incident to this arrangement of the dressing room is apparent. It seems to have been recognized by the defendant, for it covered the shaft with a box.  Added to this the machinery ran so smoothly that when the box was in place the shaft made no sound, or at any rate not enough to attract attention, if the plaintiff and two of her fellow employees are to be believed.  The danger therefore was a hidden one, and for that reason not one which an employee assumed by agreeing to work in that factory.

It might be found that the box was likely to be left off and the shaft exposed while in motion, and that, if it was, such an accident as that here complained of would be likely to happen. These findings would warrant the conclusion that the defendant, in maintaining such a dressing room for the use of its employees without warning them of the situation, had not used due care to furnish them with a safe place.

The defendant's contention is that it did its whole duty when it furnished the box to be used as a guard, and that, if Jenness was negligent in leaving it off, his negligent act was the negligence of a fellow servant.  In support of that it cites *Wosbigian* v. *Washburn & Moen Manuf. Co.* 167 Mass. 20, and the rule laid down in *Falardeau* v. *Hoar*, 192 Mass. 263, 267.

The distinction between *Wosbigian* v. *Washburn & Moen Manuf. Co.* and the case at bar is this: In *Wosbigian* v. *Washburn & Moen Manuf. Co.* the machine was not out of repair. Further, there was no hidden danger, for the guard was taken off when the gearing was oiled, and the gearing had to be

oiled when the reducing rolls were changed, two or three times a day. The cause of the accident was the negligence of the operator in not putting back the guard when changing the rolls and oiling the machine. This was the negligence of a fellow servant. To sum up that case, the accident was caused by the negligence of a fellow servant in operating a dangerous machine which was in perfect repair and which had no hidden danger.

That is not true of the case at bar. In the case at bar the arrangement of the dressing room could be found to be a negligent one unless the shaft was covered by the box. This box was not taken off in the daily operation of the machinery of the factory. Since the guard made safe what otherwise would be a negligently unsafe place, it was the duty of the defendant to keep the guard on or to give a warning if it was off. That duty of the defendant was the duty of an employer to provide a safe place for its workmen, and therefore is one which cannot be delegated.

*Falardeau* v. *Hoar*, 192 Mass. 263, has been cited by the defendant. *Falardeau* v. *Hoar* is a case where an employee fell through an open trap door which was opened to take out ashes twice a week. The defendants, who were the owners of the building, asked for an instruction that they were not liable if their janitor was in the habit of using a settee as a guard when the trap door was open, and the accident was caused by the janitor's neglect to set up the settee on the occasion in question, for that neglect was the neglect of a fellow servant. The only exception before the court was one taken to the refusal to give that ruling. That exception was overruled. The opinion in *Falardeau* v. *Hoar* goes farther, and states that the charge of the presiding judge was correct. The presiding judge told the jury that if the defendants knew that the settees were being used as guards and so were in the position of having furnished barriers, a failure to put them up was the negligence of a fellow servant. In addition, there is an implication in *Johnson* v. *Field-Thurber Co.* 171 Mass. 481, 483, where guards had not been furnished, that if they had been furnished the failure to set them up in that case would have been the negligence of a fellow servant. In the earlier case of *Young* v. *Miller*, 167 Mass. 224, the trap door was not a hidden danger and the employee was held to have assumed the risk of it. In *Hogarth* v. *Pocasset Manuf.*

*Co.* 167 Mass. 225, the trap doors were not obvious, and the court held that "a jury might have found the plaintiff entitled to be warned to look out for the opening of the doors." We find nothing in these decisions to the contrary, and we are of opinion that in the case at bar, under its duty to furnish a safe place for its employees, the defendant was bound to see that the box was over the shaft when it was in motion or that a warning was given, if the shaft was exposed; and that that duty cannot be delegated to another.

*Exceptions overruled.*