GEORGE H. SIMONEAU *vs.* RICE AND HUTCHINS.

Middlesex. January 19, 1909. — May 20, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Of one owning or controlling real estate, Elevator, In factory, Employer's liability. *Evidence*, Remoteness, Relevancy.

At the trial of an action against the proprietor of a shoe factory, by a young man nineteen years of age, who, while employed therein, fell down a freight elevator well, the declaration in three counts alleging negligence of the defendant in failing to protect and safeguard the elevator well as required by R. L. c. 104, § 43, failure to warn the plaintiff of the state of affairs, and, under R. L. c. 106, § 71, cl. 1, a defect in the ways, works or machinery of the factory, it appeared that the plaintiff in the course of his duties was pulling shoe racks from one room to another when the heel of his shoe came off, that he stepped to the opening of the freight elevator well and to fix his heel raised his foot and placed his right hand for support upon a bar which was across the opening, that the bar was six feet long, four inches wide and one inch thick and rested at each end upon an iron cleat or half square, that it could be moved lengthwise through the cleats, that, as the plaintiff's hand was resting on the bar, the bar slipped lengthwise out of its support and he fell into the well; it also appeared that the plaintiff had been employed by the defendant for eight days and had had abundant opportunity to observe the condition of the opening. The presiding judge ordered a verdict for the defendant, and the plaintiff alleged exceptions. *Held*, that the exceptions must be overruled, since the plaintiff must be held to have assumed the risk of the displacement of the bar in the manner described.

If, at the time when one enters into the employ of the proprietor of a factory, the opening into an elevator well therein is insufficient to satisfy the requirements of R. L. c. 104, § 43, but such insufficiency is so apparent that the employee either knows or ought to observe it, and, because of such insufficiency he is injured, he cannot recover from his employer, since he must be held to have assumed the risk of the injury which he received.

At the trial of an action by an employee in a factory against his employer, to recover for injuries alleged to have resulted from the plaintiff's falling down an elevator well because of an insufficient or defective guard in front of the well, if it appears that, at the time of the accident, the means of guarding the well were the same as they were when the plaintiff entered the defendant's employ eight days before, evidence as to the condition of the opening into the elevator before the plaintiff entered the defendant's employ properly may be excluded.

TORT for personal injuries received by the plaintiff while in the employ of the defendant, with a declaration in three counts,

the first count alleging, as the cause of the injuries, that the defendant negligently failed to protect the opening into the elevator well " by sufficient automatic rails or gates and trap doors or such other mechanical devises as are equivalent thereto " or to " keep the same in repair," the second count adding as a cause of the injury, that the defendant failed to warn the plaintiff of the danger of working near the elevator in the condition in which it was, and the third count setting forth a cause of action under R. L. c. 106, § 71, cl. 1. Writ in the Superior Court for the county of Middlesex dated June 15, 1907.

The case was tried before *Sherman,* J. The facts are stated in the opinion. At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant and reported the case for determination by this court, with the stipulation that if on the evidence admitted there was an issue for the jury, a verdict of $500 should be entered for the plaintiff, or if there was any error in admitting or excluding evidence, a new trial was to be granted; otherwise, judgment was to be entered for the defendant.

*J. J. Shaughnessy,* (*F. P. O'Donnell* with him,) for the plaintiff.
*R. Spring,* (*W. Rand* with him,) for the defendant.

HAMMOND, J. While the plaintiff, a young man then nineteen years of age, was moving some shoe racks upon a floor in the factory of the defendant, the heel of one of his shoes was torn off. Apparently for the purpose of examining the shoe, he seems to have left the racks, walked about three feet toward an elevator well, and upon reaching it raised his foot, at the same time placing his right hand for support upon the bar which was across the entrance to the elevator ; the bar slipped lengthwise out of its support, and he fell into the well and was injured. In this large room, one hundred feet in length, the place he selected against which to lean was the only one where there could have been any danger; and even here there would have been no danger had not his hand so touched the bar as to shove it lengthwise.

Whether the plaintiff was in the exercise of due care is a question of considerable difficulty, but we have not had occasion to pass upon it, for, even if that question should be decided in his favor, there is still a fatal defect in his case. The bar which

was placed across the entrance to the elevator and which the plaintiff displaced by his hand was made of wood and appears to have been about six feet long, four inches wide and one inch thick. It rested at each end upon "an iron cleat or half square." It could be moved lengthwise through the cleats. It was a very simple contrivance and could be easily understood by any boy of average intelligence. It was the contrivance in use at the time the plaintiff entered the employ of the defendant and continued constantly in use up to the time of the accident. The defendant owed to the plaintiff no duty to change the condition of its factory for his accommodation. In entering the defendant's employ he assumed the obvious risks incident to the business. And this means not necessarily the risks which he actually knew about but also what by proper care he might know. As stated by Morton, J., in *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278, 282 : " The question in each case is not whether the employee has actually observed and by a conscious act of the will assumed all of the risks involved, but whether the risks are incident to and naturally grow out of the employment in which he is engaged, and are such as, taking his age, intelligence and experience into account, he must be held to have appreciated if he saw, and such as, if he did not see, he could have seen and understood if he had looked. If the risks are of this character, then they are said to be obvious, and the employee assumes them." Under the circumstances of the present case the plaintiff must be held to have assumed the risk of the displacement of this rail in the manner described.

Nor upon this branch of the case would it be material that this condition of things is not such as is required by R. L. c. 104, § 43.

No error was made in the exclusion of the evidence as to the prior condition of the opening into the elevator before the plaintiff entered the employ of the defendant.

*Judgment for the defendant.*