MICHAEL G. CUNNINGHAM vs. BLAKE AND KNOWLES
STEAM PUMP WORKS.

Middlesex.    January 27, 1911. — February 28, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence*, Employer's liability.

In an action by a machinist against his employer for the loss of an eye from a par-
ticle flying into it from a metal maul when it was being used near the plaintiff
by a fellow servant, if it appears that the defendant provided a machinist, whose
duty it was to provide new mauls whenever the workmen called for them, and
it is not contended that the machinist was incompetent or that the defendant
failed to furnish proper materials, no breach of duty toward the plaintiff has
been shown either at common law or under the employers' liability act.

In an action by a machinist against his employer for the loss of an eye from a par-
ticle flying into it from a metal maul when it was being used near the plaintiff
by a fellow servant, if it appears that the fellow servant had mauls made for
him as the occasion might require, that the maul which he was using at the time
of the accident was unfit for service, because it was battered from use or because
the handle socket had become enlarged and gave off scales, and that the fellow
servant when he made use of this defective maul could have obtained a new one
through means which the defendant provided, the plaintiff's injury, thus caused
by the careless act of a fellow servant, cannot be attributed to the negligence of
the defendant.

One, who after having served an apprenticeship with a manufacturer enters the
employ of such manufacturer as a qualified machinist with full knowledge that
mauls made of a certain metal alloy are used in the work, from which, even when
new, particles are likely to fly after a few hours' use without impairing the effec-
tiveness of the appliance, so that the chance of injury from flying particles is
inseparable from the method of conducting the work established at that factory,
assumes by his *contract of employment* the risk of having an eye put out by
such a flying particle.

TORT for the loss of an eye sustained by the plaintiff on May
29, 1907, while employed as a machinist in the south gallery of
the machine shop of the defendant at Cambridge, where he was
engaged in running a lathe when the accident occurred.  Writ
dated November 21, 1907.

In the Superior Court the case was tried before *Fox*, J.  At
the close of the plaintiff's evidence the defendant rested and
asked the judge to order a verdict in his favor.  This the judge
refused to do, and submitted the case to the jury, who returned
a verdict for the plaintiff in the sum of $6,239.  By agreement

of the parties the judge reported the case for determination by this court. If as a matter of law the case rightly was submitted to the jury, judgment was to be entered on the verdict; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs.

*M. O. Garner*, for the defendant.

*J. H. Vahey, P. Mansfield & J. H. Hurley*, for the plaintiff.

BRALEY, J. The defendant contends there was no evidence to support the allegations of the declaration, that at the time of the accident the plaintiff was in the employ of the defendant, or to show that one Steadman, who was using the Babbitt maul,* a flying particle of which the jury could have found destroyed the sight of the plaintiff's eye, was a fellow servant, or that the defendant furnished the maul which the plaintiff alleges was a defective appliance. But it is unnecessary to decide these questions. If it be assumed, as the plaintiff asserts, that the principal questions were understood at the trial to be the due care of the plaintiff and the defendant's negligence, the evidence fails to show liability on the part of the company.

The plaintiff testified that when working as an apprentice in the employ of the defendant, he knew that Babbitt mauls were made as called for by the workmen, and, because of the softness of the metal and the use to which they were put, the faces easily became battered and the iron handles loosened in the socket. If subjected to hard usage, he said, a maul might become unsuitable "in a couple of days," and the uncontradicted evidence very plainly showed, that mauls were constantly changing as to their condition, and large and small pieces, or chips, would fly from them when brought in contact with the steel arbors, planers, and other machinery upon which they were used. The defendant was required to use reasonable diligence to supply suitable mauls, and to provide for their renewal when they became defective from use. *Cormo v. Boston Bridge Works Co.* 205 Mass. 336. If the defendant had undertaken to furnish a sufficient number of perfect mauls from which the workmen might select, and among the number was a defective

---

* A maul made of a kind of metal alloy named for Isaac Babbitt, its inventor.

maul, the use of which caused the plaintiff's injury, the case at bar would come within *Rosseau* v. *Deschenes*, 203 Mass. 261. But having provided a machinist, whose duty it was to recast, and to provide new mauls whenever the men called for them, and no contention being made that the machinist was not competent or that the defendant failed to furnish proper materials, the defendant's duty to the plaintiff at common law and under the statute had been discharged. *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209. *Rogers* v. *Ludlow Manuf. Co.* 144 Mass. 198. *Thompson* v. *Worcester*, 184 Mass. 354. *Donahue* v. *Buck & Co.* 197 Mass. 550. If Steadman, who, the plaintiff said, had the mauls made for him as the occasion might require, used the maul put in evidence, which the jury could find was unfit for service because battered from use or because the handle socket had become enlarged and gave off scales, when he could have obtained, through the means the defendant provided, a new maul, the injury was caused by the careless act of a fellow servant and could not be attributed to the negligence of the defendant. *Moynihan* v. *Hills Co.* 146 Mass. 586, 589. *Scanlon* v. *George G. Page Box Co.* 205 Mass. 12, 15. It is true, as the plaintiff urges, that a new maul might have splintered after a few hours without impairing the effectiveness of the tool for further use, although making its use dangerous to employees in the vicinity. But the chance of injury from flying particles, which appears to have been wholly inseparable from the method of properly conducting the work, was a risk assumed by his contract, when, after having served his apprenticeship and with knowledge of these conditions, he entered the employ of the defendant as a qualified machinist. *Gleason* v. *Smith*, 172 Mass. 50, 52. *Wolfe* v. *New Bedford Cordage Co.* 189 Mass. 591, 593. *Mutter* v. *Lawrence Manuf. Co.* 195 Mass. 517. *Simoneau* v. *Rice & Hutchins*, 202 Mass. 82.

The rulings requested should have been given, and in accordance with the terms of the report the verdict for the plaintiff must be set aside and judgment entered for the defendant.

*So ordered.*