Thompson v. Deprez et al.

Filed June 4, 1884.

———◆———

No. 10,982.

THOMPSON *v.* DEPREZ ET AL.

SUPREME COURT.—*Rule 19.— Waiver of Compliance with.*—The right of a party to a literal compliance with Rule 19 of the Supreme Court must be claimed before submission of the cause by agreement.

SAME.—*Evidence.—Harmless Error.*—The admission of evidence which can not possibly injure the opposite party is, if erroneous, harmless.

HIGHWAYS.—*Evidence.— Witness.— Opinion.*—The opinion of a witness as to the public utility of a proposed change of a highway is not admissible as evidence.

From the Shelby Circuit Court.

*T. B. Adams* and *L. T. Michener*, for appellant.

*E. K. Adams, L. J. Hackney* and *O. J. Glessner*, for appellees.

FRANKLIN, C.—Appellee Deprez and others filed a petition before the board of commissioners for the change of a public highway. Upon a favorable report of viewers, appellant filed a remonstrance, for the want of public utility, and claiming damages if the change should be made. Reviewers reported in favor of the public utility, and assessed to appellant $15 damages, upon which the county board ordered the change to be made, and appellant appealed to the circuit court, where the case was tried by a jury; a verdict was returned in favor of the petitioners, and in favor of remonstrant for $25 damages. Over a motion for a new trial, judgment was rendered upon the

verdict, and the remonstrant appealed to this court. The only error assigned is the overruling of the motion for a new trial.

On the 14th day of May, 1884, appellees with their brief filed a motion to dismiss the appeal, for the reason that the nineteenth rule of this court had not been complied with, by numbering all the lines of each page of the bill of exceptions, and placing marginal notes thereon designating the names of the witnesses.

The lines are numbered in the transcript of the pleadings and record, and in the parts of the bill of exceptions referred to by appellant in his brief, and the bill of exceptions containing the evidence is preceded by a general index containing the names of the witnesses and the pages upon which their evidence may be found. The cause was submitted by agreement endorsed upon the record March 1st, 1884. We think after appellees agreed to submit, without a full compliance with the rule, there was a sufficient compliance to prevent a dismissal of the appeal.

Among the twenty-eight reasons stated for a new trial, appellant first insists upon the fourth, which is that the court erred in permitting the plaintiff to introduce in evidence proof of the posting up of notices of the pendency of the petition.

This proof was entirely unnecessary; there had been an appearance before the board of commissioners without any objections to the notice, and there was no issue pending in the circuit court that required such proof. *Green* v. *Elliott,* 86 Ind. 53; *Breitweiser* v. *Fuhrman,* 88 Ind. 28; *Rominger* v. *Simmons,* 88 Ind. 453. But this evidence, although immaterial, could not possibly do appellant any harm, and, therefore, can not be a cause for reversing the judgment.

The next reason insisted upon is the overruling of an objection to the following question put to the witness Webster, and answer thereto:

" State whether or not in your opinion, upon the facts stated by you, the proposed change of highway would be of public

utility? Answer. I think it would be of public utility to change the road and locate it upon the line."

The question as to the admissibility of such testimony was thoroughly discussed and fully considered by this court in a case very similar to the one under consideration, to wit, the case of *Yost* v. *Conroy*, 92 Ind. 464. We regard this question as being settled by this court in that case in favor of appellant's position. In that case the judgment was reversed on account of the introduction of such testimony, and so must it be in this case. See, also, *Indiana, etc., R. W. Co.* v. *Hale*, 93 Ind. 79; *Dillman* v. *Crooks*, 91 Ind. 158.

It is unnecessary to discuss and pass upon the other reasons stated for a new trial, as they may not arise in a subsequent trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellees' costs, and that the cause be remanded, with instructions to the court below to sustain the motion for a new trial, and for further proceedings.

Filed June 4, 1884.