Hughes *et al. v.* Beggs *et al.*

Filed May 8, 1888.

---

No. 13,175.

## HUGHES ET AL. *v.* BEGGS ET AL.

HIGHWAY.—*Vacation of Part.*—Under sections 5015, 5017, R. S. 1881, a part of a highway may be vacated.

SAME.—*Irregularities.*—Irregularities in highway proceedings, before the county commissioners, are not available on appeal, as the case is for trial *de novo* in the circuit court.

SAME.—*Evidence.*—*Opinion as to Public Utility.*—Witnesses may not give an opinion as to the public utility of a highway which it is proposed to vacate or open.

From the Clark Circuit Court.

*J. H. Stotsenburg, E. B. Stotsenburg* and *M. Clegg,* for appellants.

*J. K. Marsh* and *W. H. Watson,* for appellees.

ELLIOTT, J.—The appellees petitioned for the vacation of

a highway, and the appellants remonstrated, but the circuit court decided in favor of the petitioners.

Counsel for the appellants insist that the statute does not provide for the vacation of part of a highway. In this they are in error. If part of a highway ceases to be of public utility it may be vacated. It is a question to be tried by the proper court whether the vacation of a part of a highway will benefit the public; and, while it is no doubt true that, as a general rule, it would be an injury to the public to vacate part of a highway, still the authority of the proper court to order it, where the law and the evidence require it, undoubtedly exists. The argument of counsel proves that it is an authority that should be carefully exercised, but it is far from proving that there is no such authority. The statute not only confers the authority in general terms to vacate highways, but expressly provides for the vacation of a highway, " or any part thereof," and specifies what shall be done in case part of a highway is vacated. R. S. 1881, sections 5015, 5017.

Some irregularities in the proceedings before the board of commissioners are pointed out, but these irregularities do not, invalidate the proceedings, as the case is tried *de novo* in the circuit court. The latter court does not sit merely as a court for the correction of errors, but sits as a trial court, and determines the case upon its merits, in so far as the remonstrance presents proper questions for its decision. *Reynolds* v. *Shults*, 106 Ind. 291; *Clift* v. *Brown*, 95 Ind. 53; *Turley* v. *Oldham*, 68 Ind. 114.

The trial court erred in permitting witnesses to give their opinion as to the utility of vacating the highway. It is settled that witnesses can not give an opinion upon the exact point in issue; and it is also settled, that whether the opening or vacation of a highway will be of public utility is not a question upon which witnesses can express their opinions. *Loshbaugh* v. *Birdsell*, 90 Ind. 466; *Yost* v. *Conroy*, 92 Ind. 464; *Thompson* v. *Deprez*, 96 Ind. 67; 1 Greenl. Ev., section

440; 2 Taylor Ev., section 1278, p. 1229; *White* v. *Bailey*, 10 Mich. 155; *Fairchild* v. *Bascomb*, 35 Vt. 398.

