No. 1,473.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* SPARKS ET AL.

DAMAGES.—*As to Land.—How Proven.*—The measure of damages for injury to real estate is the difference in its value by reason of the injuries,'which is ascertained by proof of the value of the land before and after the injury.

SAME.—*As to Crops.—How Proven.*—The measure of damages to crops is proved by showing the difference in the value of the crops with and without the injury.

SAME.—*How Proven.—Opinion Evidence.*—Damages may be proven by opinion evidence, but not, however, by opinions of what the injury amounts to in dollars and cents, for it would be an attempt to substitute the opinion of the witness for that of the jury on a question directly involved in the issues.

APPELLATE COURT PRACTICE.—*Error Prima Facie Prejudicial.—Reversal.—Harmless Error.*—Where an error complained of by appellant is *prima facie* prejudicial, it devolves upon appellee to show that it was harmless before the judgment will be affirmed.

From the Floyd Circuit Court.

*E. C. Field, W. S. Kinnan* and *W. C. Utz,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellees.

REINHARD, J.—The appellees are husband and wife, and this action was brought by them against the appellant for damages to the real estate of the wife on account of the alleged negligence of the appellant in reconstructing a culvert near its railroad and the said real estate, causing the water to back, overflow and stand upon the same, and injuring it in various ways, and injuring the crops thereon and the health of the appellee, Fannie A. Sparks.

In the court below the appellees' recovered.

At the trial appellees' counsel propounded to John P. Sparks, the husband and witness of Fannie A. Sparks, the following question:

"You may state to the jury what, in your judgment, is the depreciation in value of the property and injury to the crops, on account of these overflows that you have detailed occurring since the sewer pipe was substituted for the culvert?"

To this question, the appellant's counsel objected because it sought to elicit from the witness a conclusion and not a fact. The objection was overruled and the appellant excepted. The witness then answered: "A thousand dollars," which was all the evidence given on the subject of the amount of damages.

The question involved two elements of damages, viz., damages to the real estate and damages to the growing crops. Each of these formed a proper subject of inquiry which should have been pursued separately, although the objection was not based upon the ground of the duplicity of the question. Before determining the question before us it is proper to ascertain what is the measure of damages for the injury to the land and to the growing crops.

Injuries of the character here sued for are somewhat analogous to those involved in actions for damages for the wrongful appropriation of land by municipal corporations or railroad companies. In all such cases where the injury is a permanent one, the measure of damages to the land is the diminished market value of the same by reason of the injury, which is ascertained by proof of the market value before the injury and the market value after the injury, leaving it to the jury or court trying the cause to calculate the difference. If, however, the injury is not a permanent one, and the action does not recognize the right of the defendant to continue the obstruction, then it seems that damages can only be recovered up to the time of the commencement of the action, and that successive actions may be brought for succes-

sive injuries resulting from the same, and the measure of damages is found in the depreciation, not of the value of the land, but of the value of the use of the same, which is ascertained by proof of such' value before and after the injury.    1 Sutherland Dam., section 116; Sedgwick Dam. (8th ed.), section 942, and cases there cited; *City of Fort Wayne* v. *Hamilton,* 132 Ind. 487; *Indiana, etc., R. W. Co.* v. *Eberle,* 110 Ind. 542 (551).

Where the destruction or injury of the crops enters into the damages as an element, such damages are measured by proof of the value of the crops with and without the injury, leaving the court or jury to determine the difference, as in the other case.

We recognize the fact, however, that an injury resulting from such an act of negligence as the one here complained of may be in part permanent and in part temporary or transient.    Thus the land and buildings may have been permanently injured by washouts and gullies so as to diminish the value of the entire tract or parcel, while in addition there may have been temporary injuries.

In the present case the injury to the soil or real estate seems to have been of a permanent character, the other injuries complained of being injuries to the crops growing on the place and injury to the health of the appellee, Fannie A. Sparks.    Hence, the measure of the damages for the injury to the real estate is the difference in its value by reason of the injuries, which is ascertained by proof of the value of the land before and after the same. *Chicago, etc., R.R. Co.* v. *Smith,* 6 Ind. App. 262.

Whatever damage was occasioned by injury to the crops should be proved by showing the difference in the value of such crops with and without the injury.

Values, as counsel correctly contend, may be proved by the opinions of witnesses, for these are, after all, but estimates based upon the fact that other property of a

similar character in the neighborhood has been or could be sold for similar prices. Such opinions may also be based upon the knowledge of the witness of persons desiring to purchase the property and the price that they are offering for it. There would have been consequently no valid objection to asking the witness his opinion as to the value of the property or the difference in the value before and after the injury, and possibly there may have been no error in asking him his opinion as to the depreciation, but that portion of the question which required the witness to give his judgment or estimate of the "injuries" to the crops was decidedly objectionable for the reason that it was an attempt to substitute the conclusion or opinion of the witness for that of the jury on a question directly involved in the issues. What the injuries or damages, or any portion of them, are or were in this case was for the jury and not for the witness to decide. If it were left to the witness to pass judgment on what the amount of damage or injury is or should be, he might base his estimate upon things which do not lawfully enter into the consideration of the question as elements of damages. For this and other reasons the witness should not be allowed to give his own conclusions or estimates of the damages. True, the damages may be proved by opinion evidence. Not, however, by opinions of what the injury amounts to in dollars and cents, but by opinions of the value of the crops before and after the injury, which is quite a different thing.

The appellee seeks to invoke the rule so often declared by the Supreme Court, that a judgment should not be reversed when the merits of a cause have been fairly tried and determined in the court below and the correct conclusion reached. We do not think, however, that this rule can be made applicable. As the jury did not have the proper data for correctly determining the damages,

we can not say that they must have come to a correct conclusion in any event and that no harm resulted from the ruling.   Such error as that shown by the record is *prima facie* prejudicial, and it devolves upon the appellee to show that it is harmless, which has not been done.   Elliott's App. Proced., section 594, and cases cited in note 2, section 670; *Bunker* v. *Cummins,* 133 Ind. 443.

The motion for a new trial should have been sustained. We do not consider other questions presented, as they may not arise again in another trial.

Judgment reversed.

