No. 17,542.

JOHNSON ET AL. *v.* ANDERSON ET AL.

EVIDENCE.—*Opinion as to Public Utility of Proposed Change in Highway.*—*Remonstrance.*—The opinion of a witness as to the public utility of the proposed change in a highway is inadmissible on the trial of a remonstrance against the change on the ground that it was not of public utility.

SAME.—*Incompetent.*—*Prejudicial.*—Incompetent evidence directed to the point in issue will be presumed to be prejudicial unless the record shows the contrary.

From the LaPorte Circuit Court.

*F. E. Osborn*, for appellants.

*J. H. Bradley*, for appellees.

MONKS, J.—This was a proceeding to change the location of public highway, brought by appellees before the

board of commissioners of LaPorte county. Appellants appeared and filed a remonstrance against such change on the ground that the same was not of public utility. The change of location was ordered by the board of commissioners. Appellants appealed to the court below where the cause was tried by a jury, a verdict returned in favor of appellees, and over a motion for a new trial judgment was rendered that the location of the public highway be changed.

The action of the court in overruling the motion for a new trial is the only error assigned.

During the progress of the trial, the court permitted a witness, on behalf of appellees, to testify, over the objection of appellants, that "the proposed change of location of said highway would be of public utility." This is assigned as one of the causes for a new trial.

The question of the public utility of the proposed change of the location of the said highway was a question of fact for the jury to determine. *Moore* v. *Auge*, 125 Ind. 562. It was, therefore, error to permit the witness to give his opinion as to the public utility of the proposed change of highway. *Hughes* v. *Beggs*, 114 Ind. 427, and cases cited on page 428; *Brunker* v. *Cummins*, 133 Ind. 443, and authorities cited pp. 448, 449.

It is urged by appellees that if it was error to admit this testimony, it was harmless. The testimony was concerning an important and material point in the case, the question the jury were required to determine, and we cannot say that it did not influence them in the verdict. The evidence was incompetent, and as it was directed to the point in issue in the cause, will be presumed to be prejudicial unless the record shows the contrary. Elliott App. Proced., section 632, note 3 ; 2 Elliott Gen. Prac., section 956 ; *Brunker* v. *Cummins*,

*supra,* on p. 449; *Louisville, etc., Co.* v. *Sparks,* 12 Ind. App. 410. It follows that the court erred in overruling the motion for a new trial.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

