## OPP ET AL. *v.* TIMMONS ET AL.

[No. 18,131.   Filed January 5, 1898.]

HIGHWAYS.—*Establishment Of.*—*Utility.*—The fact that a highway sought to be established includes a traveled way which otherwise might become a highway by use could not affect the question of utility. *p. 237.*

SAME.—*Utility.*—Existing ways, the condition of population, location of markets, character of soil, and physical features of the locality are proper subjects of inquiry in determining the utility of a highway sought to be established. *p. 237.*

From the Benton Circuit Court. *Affirmed.*

*Dawson Smith* and *J. M. LaRue,* for appellants.

*Daniel Fraser, Will Isham* and *Chas. M. Snyder,* for appellees.

HACKNEY, J.—This was a proceeding by the appellees for the establishment of a highway in Benton county; the appellants having remonstrated on the ground of inutility, and the appellant Opp claiming

damages. In the commissioner's court and in the circuit court it was decided that the road sought was of public utility, and that Opp suffered no damage by the location thereof. Three questions are argued in this court: (1) Can a new road be laid partly upon an established highway? (2) Can the utility of the new parts of such road be determined by considering only the utility of the whole, including that established? (3) Was the appellant Opp damaged?

Nothing in the petition, remonstrances, reports, or orders discloses the existence of any established way forming any part of that sought to be established. An interrogatory, submitted to the jury in the circuit court, elicited the finding that one-fourth of a mile of the proposed road passes over and upon "a public highway already located, laid out and established." There was evidence that a road had been opened by the landowners, and was in use by the public, at a point near the middle of the proposed line; but that it was a public highway, or that it had been laid out and established as such, we find no evidence, and our attention has been directed to none.

The most, therefore, that can be claimed for the first and second questions discussed is that the proposed road would, in part, pursue a traveled way, whose width, course, and termini had not been established by statutory proceeding. That the present proceeding would establish a highway which otherwise might become a highway by use could not affect the question of its utility.

Existing ways, the condition of population, location of markets, character of the soil, physical features of the locality, etc., are proper subjects of inquiry in determining the utility of a highway, and, no doubt, the existence of the way in use was considered by the jury.

It is conceded, substantially, that upon the question of damages claimed by Opp the evidence is in conflict, and we so find it. We cannot pass upon that conflict. The judgment is affirmed.