## ANDERSON ET AL. *v.* JOHNSON ET AL.

[No. 18,396.   Filed March 8, 1899.]

HIGHWAYS. — *Change of Location.—Railroad Crossings.—Instructions:*—In the trial of an action to change the location of a public highway, which had been established, but not opened, the court in one instruction told the jury that the highway proposed to be vacated must cross the railroad at grade and not under it; in another that such highway may be carried under the railroad, if that be the most convenient manner of crossing; and in another instruction informed the jury that it could not be judicially determined what kind of a crossing will be constructed across the railroad on the line of the highway sought to be vacated.   The highway sought to be vacated, as shown in the petition therefor, crosses the railroad at grade.   *Held,* That the first instruction correctly stated the law, and that the second and third were in direct conflict therewith, and erroneous.   *pp. 249-251.*

SAME.—*Establishment. — Petition. — Railroad Crossing.* — Where a petition for the establishment of a public highway which crosses a railroad right of way does not ask for a crossing under the tracks, it will be held to be a petition for the location of a highway to cross the railroad tracks at grade, where the construction thereof under the railroad would require the removal of a fill and the construction of a bridge or other support for the tracks.   *p. 251.*

From the LaPorte Circuit Court.   *Reversed.*

*John H. Bradley,* for appellants.

MONKS, C. J.—It appears from the record that a public highway had been established by the board of commissioners of LaPorte county, but that the same had never been opened and worked, and that this proceeding was brought by appellants to change the location of said highway.   The highway sought to be vacated, called the "West Road," and the proposed highway, called the "East Road," cross the track and right of way of a railroad, but at different places.   This is the second appeal of said cause.   *Johnson* v. *Anderson,* 143 Ind. 493.   After the cause was returned to the court below, the same was tried by a jury, and a verdict returned in favor of appellees, and over a motion for a new trial a judgment was

rendered against appellants. The only error assigned calls in question the action of the court in overruling appellants' motion for a new trial.

It is insisted that the instructions given by the court to the jury were so inconsistent and conflicting that they confused and misled the jury, instead of aiding them in arriving at a verdict. By the fifth instruction given at the request of the appellants, the court informed the jury that the highway established by the board of commissioners, known as the "West Road," crossed the railroad at grade, and not over or under the tracks.

The court also gave instructions four and six asked by appellees, as follows: (4) "If the condition of the grade of the railroad and of the ground on each side thereof is such at the intersection of the line of either of the highways proposed to be vacated or located that the best and most convenient manner of carrying said highway across the line of said railroad company's right of way would be by constructing a tunnel under the railroad, it would be proper for the crossing to be made in such a manner; and this you should take into consideration in determining the question as to the public utility of the proposed change."

(6) "In this case it cannot be judicially determined as to just what kind of crossing shall or will be constructed across the right of way of the railway company on the line of either the road proposed to be vacated, or the road sought to be located in lieu thereof, as stated in the petition; yet it is to be presumed that, when such a crossing is constructed, it will be done in a proper manner, so as to afford security to life and property, and not unnecessarily impair its usefulness, or injure the franchises of the railroad company."

The court, by said instructions, informed the jury that it is the law of the case : (1) The west highway—the one proposed to be vacated—must cross the railroad at grade, and not under it. (2) The west highway may be carried under the railroad, if that be the most convenient manner of cross-

ing. (3) It cannot be judicially determined what kind of a crossing will be constructed over the right of way of the railroad company on the line of the west highway proposed to be vacated.

The evidence shows that at the point where the west highway—the one proposed to be vacated—crosses said right of way there is a fill, and that at a point ten feet north of the north line of the right of way the ground is about eleven feet below the railroad track or grade, and at the south line of the right of way the ground is about fifteen and fifty-one hundredths feet below the said grade.

Where the east or proposed highway crosses the north line of the right of way the ground is eight and fifty-one hundredths feet below the grade, and where it crosses the south line of the right of way the ground is only a little lower than the grade.

To construct a crossing under the railroad track for the west highway would require the removal of the earth supporting the tracks to the width of the highway, and the construction of a bridge or other support for the tracks over said highway. In such case, unless the petition asks for an undercrossing, and the order establishing the highway provides therefor, the crossing is at grade. The petition in this case for the establishment of the east highway does not ask for a crossing under the tracks, and it is, therefore, a petition for the location of a highway to cross the railroad tracks at grade. The west highway—the one proposed to be vacated—as described in said petition, crosses the railroad tracks at grade. It follows that the fifth instruction correctly stated the law to the jury. The fourth and sixth instructions were in direct conflict therewith, and therefore erroneous.

The court erred in overruling the motion for a new trial. Judgment reversed, with instructions to sustain appellants' motion for a new trial, and for further proceedings not in conflict with this opinion.