## STONE *v.* HEATON.

[No. 3,549. Filed February 25, 1902.]

EVIDENCE.—*Sales.—Commission.*—In an action for a commission for the sale of timber upon an alleged contract that plaintiff was to receive an amount equal to the money paid for the timber in excess of $1,500, the timber being sold for $2,100, evidence that defendant offered to take $1,500 for the timber previous to the sale was competent as tending to show that defendant was willing to sell for $1,500. *pp. 414-416.*

SAME.—*Letters.—Sales.—Commission.*—In an action for a commission for the sale of timber the testimony of a witness that he read a letter from plaintiff addressed to defendant in reference to the sale of the timber was improperly admitted, where the defendant testified that he never received the letter and there was no evidence that he ever received it. *pp. 416-418.*

From Greene Circuit Court; *W. W. Moffett,* Judge.

Action by John C. Heaton against Joseph W. Stone for commission for the sale of timber. From a judgment for plaintiff, defendant appeals. *Reversed.*

*A. G. Cavins, W. L. Cavins* and *C. E. Henderson,* for appellant.

*S. Riddle* and *W. V. Moffett,* for appellee.

COMSTOCK, C. J.—Appellee, who was plaintiff below, recovered judgment against appellant in the sum of $600 for the sale of growing trees belonging to appellant. The com-

plaint is in one paragraph, and alleges, in substance, that in February, 1899, appellant was the owner of a tract of land on which was situated a large amount of oak and hickory timber; that at said time he employed appellee to sell said timber; and they thereupon entered into an oral contract, wherein appellee undertook and agreed to sell 600 choice trees of appellant's, for which services and sale appellant agreed to pay appellee an amount of money equal to the money paid for said trees in excess of the sum of $1,500; that pursuant to said agreement appellee caused several timber dealers to see and estimate said timber, one of whom purchased the same for the sum of $2,100, and that said sum was paid over to appellant, Stone; that appellant received said sum, and refused to pay appellee.

In this appeal we are required to pass only upon the action of the court in overruling appellant's motion for a new trial. The grounds for a new trial are: (1) That the verdict is not sustained by sufficient evidence; (2) is contrary to law; (3), (5) and (6) that the court erred in admitting certain evidence; (4) in refusing to strike out certain testimony. Counsel for appellant claims that the complaint proceeds upon two theories: (1) That it seeks to recover for appellee's services in selling 600 growing trees an amount equal to all the money for which he might sell them in excess of $1,500; (2) it seeks to recover for services all in excess of the $1,500 of the identical money that he sold appellant's trees for, which was $600. It is stated that the second theory is the one upon which appellee sought judgment, and that the evidence failed to sustain that theory. We do not interpret the complaint as setting out two theories. The action is based upon an oral contract between the plaintiff and the defendant, wherein the plaintiff agreed to sell 600 trees belonging to defendant, and the defendant agreed to pay plaintiff all money over $1,500 for which he sold the same.

In the progress of the trial plaintiff had rested his case,

and defendant had begun the introduction of his evidence. Over appellant's objection, appellee was permitted to introduce Wm. VanMeter, a witness who testified that he had made examination of the appellant's timber, and that Stone stated that he would take $1,500 for 600 choice trees. The testimony in chief did not disclose when this offer was made. In response to a question of defendant's, upon cross-examination, the witness averred that this offer was made about two years ago, thereupon appellant moved to strike out the testimony of witness relative to appellant's offer thus made, upon the ground that it was too remote, and did not tend to support the issue. The motion was overruled, and this action of the court is made the fourth reason for a new trial. This testimony, in connection with other testimony, tended to show that appellant had tried to find a purchaser for 600 of the choice trees for $1,500. The evidence was a circumstance tending to show the probability that the oral contract, testified to by appellee, had been entered into. As to the fifth reason for the new trial, one Jacobs, a witness for appellee, testified that he was engaged in the timber business; that he saw Stone in Bedford, in May 1899, the month in which the timber was sold; that Stone offered to sell him 600 trees for $1,500; that he made an estimate later and offered to give that amount, which was refused. This was also competent for the reasons given as to the evidence of VanMeter.

One Scott, a witness for appellee, testified that he was a school teacher, and taught in the year in which the timber was sold in the school district where Stone resided; that Elmer Rooney, who made his home with the defendant, attended his school; that in February, 1899, Rooney had a letter addressed to J. W. Stone, and signed by J. C. Heaton. Witness was then asked to state the contents of the letter. Defendant objected to the introduction of the letter upon various grounds. Scott was then excused and defendant Stone called. He testified that he had never seen or re-

ceived the letter in question. Rooney then testified that he had not had or seen .the letter from J. C. Heaton to Stone. He said, "I do not know where the letter is. I never saw it. I can not read writing." The witness Scott was then recalled and testified that the letter he saw in possession of E. Rooney, and read, was signed by J. C. Heaton, and stated that if defendant, Stone, would consider some town property as part payment, that he, Heaton, believed he could sell Stone's farm for $6,000. On cross-examination he testified that he did not know what became of the letter, nor whether it had ever been received by Stone or not. There is no evidence other than above to show that appellee ever wrote any letter to appellant. It affirmatively appears from appellant's testimony that he never received nor read it. It was not traced to him. It was improperly admitted. The admission of improper testimony is presumed to be prejudicial to the party over whose objection it is admitted, unless the record shows to the contrary. *Johnson* v. *Anderson*, 143 Ind. 493; *Hopkins* v. *Boyd*, 18 Ind. App. 63.

Appellee testified as follows: "I had a conversation with the defendant in which he said, 'Can you find me a buyer for my timber?' I said: 'Yes. How much do you want for it, and what will you give me to sell it for you?' To which Stone said that if I sold 600 of his choice trees I could have all over $1,500 I got for them on my commission, and in the event I could get only $1,500 for them I was to have a small commission; the defendant also said that if I would sell 1,000 of his choice trees for the sum of $2,000, that I could have for such services all over said amount of $2,000 I might receive for them, and that I might sell his farm for $6,000, and I was to receive for such services the sum of $500."

The appellant denied *in toto* that he had entered into any contract with the appellee for the sale of the trees or land, and we do not feel warranted in saying that the introduction of this letter had no influence upon the jury; on the

contrary, it is quite probable that the jury regarded it as corroborative of appellee's testimony as to the contract upon which he based his action.

It was important because of the conflicting character of the testimony, not only of the appellant and appellee, but of the facts and circumstances testified to by witnesses in behalf of the parties respectively. For this ruling of the court the judgment is reversed. The consideration of the first and second grounds for a new trial is unnecessary.

The judgment is reversed, with instructions to sustain the appellant's motion for a new trial.