SOUTHERN RAILWAY COMPANY ET AL. v. FRIEDLEY.

[No. 7,794.   Filed January 22, 1913.]

1. PLEADING.—Complaint.—Theory.—The theory of an action must be determined from the general character and tenor of the leading and controlling averments of the complaint.   p. 195.

2. WATERS AND WATERCOURSES.—Obstruction.—Injury to Property. — Complaint. — Sufficiency. — A complaint in substance alleging that by the wrongful acts and negligence of defendants in obstructing a natural watercourse, excavations were washed in plaintiff's land, crops growing thereon were destroyed, the soil was washed away, the fertility of the land was destroyed, and that the stream was changed from its natural channel onto plaintiff's land, shows a complete loss or destruction of a part of plaintiff's land, and was sufficient on the theory of a permanent injury.   p. 195.

3. WATERS AND WATERCOURSES.—Obstruction.—Permanent Injury to Land.—Trial.—Exclusion of Evidence.—In the trial of an action on the theory of permanent injury to land caused by the obstruction of a natural watercourse, testimony in support of any other theory was properly excluded.   p. 196.

4. WATERS AND WATERCOURSES.—Obstruction.—Permanent Injury to Land.—Damages.—Instructions.—Where an action was based on the theory of a permanent injury to land by the obstruction of a natural watercourse, instructions, that the measure of damages was the depreciation in the rental value of the land, were properly refused.   p. 196.

5. APPEAL.—Review.—Instructions.—Defect Cured by Other Instructions.—An instruction, that if plaintiff has proved both paragraphs of the complaint, the jury should find generally for plaintiff, is not objectionable for the omission of any reference to a preponderance of the evidence, where the jury was fully advised on that subject in other instructions given.   p. 196.

6. APPEAL.—Review.—Instructions.—Consideration as a Whole.— On appeal instructions will be considered as a whole, and if, when so considered, they fairly state the law, an inaccuracy in a particular instruction will not cause a reversal.   p. 196.

7. WATERS AND WATERCOURSES.—Obstruction.—Permanent Injury to Land.—Verdict.—Answers to Interrogatories.—In an action based on the theory of permanent injury to land caused by the obstruction of a natural watercourse, where there was evidence that defendants had placed piles so as to deflect the stream and cut plaintiff's bank, and had allowed the bed to become partially filled with stone and debris, thereby casting the water onto plain-

tiff's land and causing the same to cut, wash away, and cave in, answers to interrogatories showing that a large portion of the damage to plaintiff's property was caused by natural overflow, and that part of it was done by cutting, are not in irreconcilable conflict with a general verdict for plaintiff. p. 197.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Laura B. Friedley against the Southern Railway Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Alex. P. Humphrey, Edward P. Humphrey, John D. Welman* and *Walter V. Bulleit,* for appellants.

*Evan B. Stotsenberg* and *John H. Weathers,* for appellee.

IBACH, C. J.—Appellee recovered judgment below for $300 for injuries to her land caused by appellants.

Appellants assign error of the lower court in overruling their demurrers to each paragraph of the complaint, in overruling their separate motions for judgment in their favor on the answers to interrogatories returned with the general verdict by the jury, and in overruling their motions for a new trial.

It is insisted that the complaint is insufficient because it alleges no facts from which any permanent injury can be inferred, and does not allege in positive terms a permanent injury; further that it is not good for a continuing nuisance, because there is no allegation in either paragraph of the lessened rental value of the land in suit.

The first paragraph of the complaint charges, in substance, that defendants own and operate a steam railroad through certain real estate in Floyd county, Indiana, belonging to plaintiff, and described in the complaint; that there is a natural watercourse extending through plaintiff's real estate which drains and carries off the water from the premises of the plaintiff and others adjoining her; that the railroad of the defendants is constructed on an embankment on and across said watercourse and through the lands of plaintiff;

that the prior owners of said railroad built an opening in the embankment for said watercourse, and within the last six years defendants have rebuilt, changed and made smaller such culvert or opening so as to form a dam to such watercourse and to change the course thereof and allow no escape therefor except through such lessened culvert; that by reason of such acts of defendants the waters of such stream were diverted and changed from their natural course, and that said culvert was made smaller and insufficient to carry off the water of said stream and the course of the same was changed and part of the water was thrown over, upon and across the land of plaintiff, flooding said lands and washing excavations therein; that defendants have wrongfully and negligently permitted said watercourse to be filled with gravel, stone and other debris, and permitted the same so to remain, and that the waters of said stream have been diverted thereby, changed and thrown upon plaintiff's land, destroying the crops grown thereon, destroying the fertility of the land, preventing plaintiff from cultivating said land, washing away the soil and tearing holes in plaintiff's land, and causing the water to flow in a different channel on plaintiff's land from that formerly occupied by the creek, thereby washing holes and excavations therein and thereon, all without any fault or negligence on plaintiff's part.

The second paragraph charges, in substance, that plaintiff for two years past has been the owner of the real estate described therein, and that defendants maintained their railroad through said real estate; that running through said real estate of plaintiff there is a natural watercourse, draining plaintiff's land, and also a large area to the west; that said railroad of defendants is built and maintained on the north bank of said creek, for a distance of more than 500 feet through plaintiff's land, and part of said right of way is in the bed of said creek; that defendants have negligently and wrongfully permitted the bed of said creek on its right of way to become filled with brush, logs and debris, and

have wrongfully permitted trees and bushes to grow on and in their right of way, which is occupied by said creek and watercourse, and have wrongfully used, appropriated and occupied the bed of said creek and watercourse, and by reason thereof the waters of said creek have been diverted and changed from the bed of said creek over and onto plaintiff's land, changing the course of said water from its natural course; that by reason thereof part of the waters of said creek have been thrown upon and across plaintiff's land, flooding the same and washing excavations therein, destroying the crops thereon, destroying the fertility of the soil, washing away the soil, causing the bank on the south side thereof to cave in and the soil to be washed away, preventing the cultivation of said land, and changing the natural course of the stream, all without any fault on plaintiff's part.

It is a well-established rule of law that the theory on which a cause of action is based must be determined by the court from the general character and tenor of the averments of the complaint, that is, the theory to be adopted must be that which is most apparent from the leading and controlling averments, and not one which might be supported by isolated statements. *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 83 N. E. 246.

The leading and controlling averments of the complaint before us are, in substance, that by the wrongful acts and negligence of appellants, excavations were washed in appellee's land, crops growing thereon were destroyed, the soil was washed away, the fertility of the land was destroyed, and the creek was changed from its natural channel onto appellee's land. These charges, when associated with the other averments of the complaint, show that definite and specific physical injuries of a permanent character were done in the manner charged to the land itself, and they were to such an extent permanent that it may be said they show a complete loss or destruction of a

part of such land.   The record shows that no evidence was
introduced at the trial based on any other theory; also, in
the light of the instructions given, there can be no doubt but
that the trial court regarded each paragraph of the com-
plaint as proceeding on the theory of permanent injury,
and on such theory submitted the case to the jury.   We
hold that the complaint was sufficient on such theory, and
that it stated a cause of action for specific physical injuries
to appellee's land, of a permanent character, caused by ap-
pellants' negligent and wrongful acts, previous to the time
of the filing of the suit, and subsequent to her purchase of
the land.   Since we have held that the theory of the
complaint is for permanent injury, rather than for
a continuing trespass, the trial court very properly
refused to receive any testimony on any other theory, and
rightly refused to give to the jury the instructions
tendered by appellant based on the theory that the
proper measure of damages was the depreciation in
the rental value of the land.

Appellant also contends that the court erred in giving to
the jury the following instruction, on its own motion:   "If
the plaintiff has proved both paragraphs of the com-
plaint, you should find generally for the plaintiff."

The objection urged is that by this instruction the
jury is told to find for the plaintiff on both paragraphs of
the complaint if proved, without reference to a preponder-
ance of the evidence.   This omission in this particular in-
struction could not have misled the jury, because it had
been fully instructed on the matter omitted in the two in-
structions just preceding the one here objected to.   In-
structions are to be considered together as a whole.
The court is not bound to give all the law "in one
breath," and if, when so considered, the instructions
fairly state the law, an inaccuracy in one instruction is not
cause for reversal, where the necessary addition or limita-
tion to complete an instruction, which is correct as far as

it goes, may be found in other instructions given as a part of the same series. *Parry Mfg. Co.* v. *Eaton* (1908), 41 Ind. App. 81, 83 N. E. 510, and cases cited.

The court did not err in giving to the jury the instructions tendered by appellee, for each and all stated the proper rule to be applied in the ascertainment of liability and assessment of damages in cases of this character.

The jury found by answers to interrogatories that a large portion of the damage to appellee's property was caused by natural overflow, that part of it was done by cutting. There was evidence to the effect that appellants had so placed piles and palisades in the bed of the stream at the culvert as to cause the water to be deflected and to cut appellee's bank, also, that they had allowed its bed to become partially filled with stones and debris, and had thus thrown the water over on appellee, and caused the land to cut, wash away and cave in. There is abundant evidence of damage to appellee's property, and some evidence that appellants were responsible for part of this damage. The answers to interrogatories are not irreconcilable with the general verdict, when considered with the evidence which was submitted at the trial. The evidence, which tends to prove that appellants' negligence caused damage to appellee, would, if it stood alone, be amply sufficient to support the verdict.

No error appearing, the judgment is affirmed.

NOTE.—Reported in 100 N. E. 481. See, also, under (1) 31 Cyc. 84; (2, 3) 40 Cyc. 579; (4) 40 Cyc. 580; (5) 38 Cyc. 1782; (6) 38 Cyc. 1778; (7) 38 Cyc. 1927. As to rights of owners of dams and their liability for resulting injury to others' property, see 57 Am. Dec. 684.