## VANDALIA RAILROAD COMPANY *v.* HOUSE.

[No. 8,587. Filed May 13, 1915.]

1. APPEAL.—*Review.*—*Findings.*—In an action for injunction and for damages resulting from the casting of surface water onto plaintiff's land, a finding for plaintiff can not be disturbed on the theory that the evidence shows that defendant had acquired a prescriptive right to discharge the water on plaintiff's land, where it is doubtful if the evidence shows more than a permissive use and the testimony is conflicting as to the number of years such use continued. p. 11.

2. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—Where the evidence is conflicting, the court on appeal will consider only that which supports the finding or verdict, and if that evidence is sufficient, the finding or verdict will not be disturbed. p. 12.

3. WATERS AND WATERCOURSES.—*Surface Waters.*—*Damage to Fee.* —*Complaint.*—In an action for injunction and for damages from the flow of surface water, a complaint alleging injury by washing and digging out a ditch and by washing and digging out the land shows a permanent injury to the fee, and is sufficient to entitle plaintiff to damages for injury to the fee of his lands. p. 12.

4. APPEAL.—*Review.*—*Disposition of Cause.*—*Amendment Deemed Made.*—Where evidence showing a permanent injury to the fee of plaintiff's land was admitted without objection, the court on appeal, as against the objection made for the first time that the complaint does not warrant the allowance of damages for injury to the fee, will treat the complaint as having been amended in the trial court, if such amendment is necessary to sustain the judgment. p. 12.

From Knox Circuit Court; *B. M. Willoughby,* Judge.

Action by James M. House against the Vandalia Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Pickens & Pickens* and *John G. Williams,* for appellant.
*Wm. H. Hill* and *James M. House,* for appellee.

IBACH, J.—In the first paragraph of his complaint against appellant, a railroad company, appellee averred that he was the owner in fee of certain lands in donation 143, Knox County, Indiana, through which appellant had a right of way, that appellant had collected surface waters from its

lands in artificial channels and conducted them on appellee's lands, causing a great ditch to be dug and washed out on his lands, to his damage; that appellant would continue to cast waters so collected upon his lands at each recurring rain or season of wet weather, to his damage and injury, unless restrained from so doing. He asked for damages and an injunction. His second paragraph of complaint averred similar facts relating to lands owned by appellee in donation 147, Knox County.

The court found the facts substantially as alleged in the first paragraph of complaint, including findings that a large ditch had been washed out on appellee's lands, and that the waters after reaching the foot of a hill through said large ditch, spread out over and damaged three acres of bottom land. It found that the rental value of the lands was thereby lessened, and that the fee was also damaged, and rendered conclusions of law allowing damages to appellee for loss of rental value, and for damages to the fee, and enjoining appellant permanently from collecting and throwing surface water on appellee's lands. Substantially the same findings and conclusions of law were made as to the second paragraph of complaint.

It is first argued by appellant that the finding as to the first paragraph of complaint is not sustained by sufficient evidence and is contrary to law, because the evidence

1. shows that the water complained of had flowed in the same manner for more than twenty years and thus appellant acquired prescriptive rights to discharge surface water from its right of way on appellee's lands. But on this point, the evidence is conflicting. The testimony of appellant's witnesses would tend to show that the water had been collected and thrown on appellee's lands in the same manner for a length of time sufficient to acquire prescriptive rights, but it is doubtful even if this evidence, given its full effect, would show more than a permissive use, and we scarcely think it could be said to show such a continuous, unin-

terrupted, adverse use under a claim of right, as is necessary to establish a prescriptive right to turn surface waters on the lands of another. *Cleveland, etc., R. Co.* v. *Huddleston* (1899), 21 Ind. App. 621, 628, 52 N. E. 1008, 69 Am. St. 385; *Clay* v. *Pittsburgh, etc., R. Co.* (1905), 164 Ind. 439, 445, 73 N. E. 904. However, the testimony of appellee is that the conditions as to the flowage of the waters complained of existed only eight or ten years, and that they did not exist fifteen or twenty years before the time of the trial. This evidence standing alone is sufficient to support the court's finding. Where evidence is conflicting, this court must consider only that which supports the finding or verdict, and if as in this case, that evidence is sufficient, the finding or verdict will not be disturbed.

It is also argued that the court erred in its findings of fact and conclusions of law for the reason that appellee is not entitled to recover damages for injury to the fee of his real estate. It is said that he should not recover such damages, because damage to the fee is not alleged in the complaint. In this, appellant is mistaken, for the first paragraph of complaint alleges injury by washing and digging out a ditch, and the second paragraph by washing and digging out the land. This is permanent injury, injury to the fee, and the complaint is sufficient to entitle appellee to damages for injury to the fee of his lands. *Southern R. Co.* v. *Friedly* (1913), 52 Ind. App. 192, 100 N. E. 481; *Louisville, etc., R. Co.* v. *Sparks* (1895), 12 Ind. App. 410, 40 N. E. 546. Further, appellant made no objection to evidence of permanent damages going before the court, and the state of the record is such that, were it necessary to permit amendment of the complaint before judgment rendered for damages to the fee, the amendment is such as should have been granted in the lower court if asked, and as against an objection raised here for the first time, this court will deem it amended. Judgment affirmed.

NOTE.—Reported in 108 N. E. 872. As to right of flowage and liability for injury to property by same, see 57 Am. Dec. 684. See, also, under (1) 3 Cyc. 360; (2) 3 Cyc. 348, 360; (3) 40 Cyc. 653; (4) 3 Cyc. 291.