Boss et al. *v.* Deak et al.

[No. 25,493.   Filed January 20, 1930.]

*L. D. Hall* and *Henry M. Dowling*, for appellants.

*L. L. Burris, John G. Yeagley* and *John A. Gavit*, for appellees.

WILLOUGHBY, J.—The appellees filed their petition before the board of commissioners of Elkhart County, Indiana, to vacate a portion of a public highway, to which the appellants and 74 others filed a remonstrance on the ground that the vacation of such highway would not be of public utility. The board of commissioners appointed viewers, who found and reported in favor of the petitioners that the vacation of the highway would be of public utility. Upon this report being made, the remonstrators filed their remonstrance thereto on the ground that the vacation of the highway in question would not be of public utility and prayed that reviewers be appointed. The board of commissioners appointed re-

viewers, who found in favor of petitioners and against the remonstrators that the vacation of the public highway would be of public utility. The board of commissioners then affirmed the findings and ordered the highway vacated and ordered the remonstrators to pay the cost of reviewing. The appellants appealed from the findings and order of the board of commissioners to the Elkhart Circuit Court, from which a change of venue was taken to St. Joseph Superior Court No. 1. The cause was tried before a jury in the St. Joseph Superior Court No. 1, on which trial, the jury found for the petitioners and against the remonstrators, that the vacation of the highway in question would be of public utility. The appellants filed a motion for a new trial, which was overruled, and the court rendered judgment on the verdict in favor of petitioners, and ordered the highway vacated. From such judgment, this appeal is taken.

The error relied on for reversal is the overruling of appellants' motion for a new trial. The appellants claim that the court erred in giving instruction No. 2, tendered by appellees, over the objection and exception of the appellants. Said instruction is as follows: "The mere fact, if it be a fact, that the crossing involved in this litigation is used to some extent by the public for travel, may not establish the fact that said highway is of public, benefit or of public utility. A highway may be of some use to the public and of some public benefit, and yet other public interests may be of greater importance and opposed to the continued maintenance of such highway for public travel and under such circumstances a finding that the maintenance of such highway is not of public convenience, benefit and utility and that the vacation of such highway is of public utility may be justified."

The appellants object to this instruction and say that the instruction limits the jury to only one phase of the question of public utility, that is, whether some other

public interests are of greater importance and opposed to the continuance of the highway for public travel. At present, the other public interests might be of greater importance, but they may not relate to highways, and, if relating to highways, the facts and conditions now existing may show that, in the immediate future, the highway will be of greater importance than the other public interests, and, in that event, at least, the highway would be of public utility. The effect of this objection by appellants is that this instruction does not fully state the law on the subject of public utility. If this objection has any force, it was within the rights of appellants to tender an instruction covering the point or points omitted in this instruction.

The court gave the appellants' tendered instruction No. 4, which is as follows: "It is not an essential requisite to the proof of the disputed question of public utility in proceedings like this that it must be shown that the road is and will be used by the whole community, or in fact by a large part of it, but if it appears that is it and will be of public convenience, then the mere fact that it does or will especially facilitate the convenience of one or more persons over that of others, will not deprive it of its public character or utility."

And the appellants also requested the court to give instruction No. 7, which was given by the court, and is as follows: "The court instructs the jury that whether or not a highway is of public utility, is a question of fact. It is of public utility if required for the public convenience. The jury may consider whether the public interest demands the use of the highway as part of a general system of conveniently located highways as a condition important to the development of the community in the immediate future. The public utility need not be shown by direct evidence; it may be inferred from

facts proved. Some of the elements which may be considered are the use made of it, the existing ways, the conditions of population, location of markets, schools, churches, character of the soil, and physical features of the locality."

The objections of appellants to instruction No. 2, requested by appellees, are obviated by appellants' instructions No. 4 and 7 given by the court.

Appellants also claim that instruction No. 5, tendered by them and refused by the court, was error. This instruction is as follows: "Witnesses have testified with reference to proposed additional tracks and yards, not yet constructed, which the New York Central Railroad Company expects, at some future time, to construct and maintain across the highway in question; maps and drawings purporting to indicate the location where such proposed additional tracks and yards will be placed have been introduced in evidence. You are instructed, with reference to such testimony, maps and drawings, if such tracks and yards are not constructed, are not commenced and are not in existence, they should not be considered as existing facts from which to determine the public utility or inutility of the highway in question; they would in such case tend only to indicate the conditions which may or may not take place to affect the public utility of the highway at some future time."

It was error to refuse this instruction in view of the fact that the evidence to which it was directed was incompetent to go before the jury over the objection of appellants. See *Opp* v. *Timmons* (1898), 149 Ind. 236, 48 N. E. 1028; *Hughes* v. *Beggs* (1888), 114 Ind. 427, 16 N. E. 817; *Whetton* v. *Clayton* (1887), 111 Ind. 360, 12 N. E. 513. The question is whether the road as it exists at present is necessary for

the accommodation of the public. *Hughes* v. *Beggs, supra*.

The appellants also claim that it was error to refuse to give instruction No. 6 tendered by appellant. This instruction is as follows: "The transcript of proceedings had in the matter of the petition of L. I. Burris and others for assistance in grading and draining a highway in Baugo Township, Elkhart County, Indiana, designated 'Petitioners Exhibit No. 12,' has been offered and read in evidence by the petitioners in this case. The transcript recites that it is a copy of the record of proceedings had before the Board of Commissioners of Elkhart County, Indiana, upon the petition of L. I. Burris and others to the said Board of Commissioners praying for assistance in grading and improving the Mishawaka Road across Baugo Township and the Twenty-first Street Road from the Mishawaka Road to the Lincoln Highway. The transcript further recites that in said proceedings the New York Central Railroad Company presented its agreement offering to grade and pave the said Mishawaka Road across said township and the Twenty-first Street Road along the east line of said township from the Mishawaka Road to the Lincoln Highway and to pay the entire cost of the improvement, on condition that the highway in question in this case and two other highways in said township mentioned be vacated, and should each or any of the highways so vacated at any time in the future be re-established or opened across the right of way or real estate of the New York Central Railroad Company then Elkhart County should pay the New York Central Railroad Company the cost of constructing, improving and paving said portions of the Mishawaka Road and the Twenty-first Street Road, with interest. This offer by the New York Central Railroad Company, the Commissioners of Elkhart County by resolution accepted, and the board of

Commissioners of Elkhart County and the New York Central Railroad Company, by its President, signed an agreement in writing embodying the substance of such offer and acceptance therein. You are instructed that the said transcript of the alleged proceedings to improve portions of the Mishawaka Road and the Twenty-first Street Road on condition that the highways, the one in question in this case, and two others set forth in such transcript be vacated, cannot be considered by you as existing facts in arriving at a verdict in this cause." It was error to refuse this instruction. *Johnson* v. *Anderson* (1896), 143 Ind. 493, 42 N. E. 815; *Whetton* ·v. *Clayton, supra.*

The appellants also claim that it was error to refuse to give instruction No. 8, tendered by appellants. This instruction is as follows: "You are instructed that the opinions of witnesses as to the necessity of the highway for the convenience of the public are not to be considered by you in arriving at your verdict. It is your duty to find only from existing facts whether the highway in question is required for the public convenience." The refusal to give this instruction was error. *Thompson* v. *Duprez* (1884), 96 Ind. 67.

It is claimed that the court erred in permitting, over the objection of appellants, certain witnesses to state their respective opinions of the utility of the highway in question. That the court erred in permitting a witness to testify that he had not heard anyone down through his neighborhood making any objections to closing highway No. 15; permitting another witness to testify that he had not heard in his neighborhood any of his neighbors objecting to the closing of highway No. 15; permitting another witness to testify that he did not hear any of his neighbors make any objection to closing highway No. 15; permitting another witness to testify that he has no objection to closing the

road in question; permitting another witness to testify, supposing the Mishawaka Road were paved, he would then go to his work and take the pavement east to Twenty-first Street and cross under the tunnel; permitting another witness to testify that he didn't think the closing of road No. 15 would inconvenience him at all; permitting another witness to testify, supposing road No. 15 were closed and the Mishawaka Road paved to the county line and a bus line in operation there, he would have no use for the crossing. These questions called for, and the testimony given in answer thereto were, the opinions of the witnesses of the utility of the highway in question. The question of utility being the point at issue, witnesses cannot give their opinions on that question. *Hughes* v. *Beggs, supra; Johnson* v. *Anderson, supra.*

It was error in the ruling of the court to permit Frank Ellis, one of the commissioners, over the objection of appellants, to testify that the contract was entered into between the board of commissioners, and the New York Central Railroad Company, shown in petitioners' Exhibit No. 12, and that it arose out of negotiations between them. *Whetton* v. *Clayton, supra;* Acts 1921 p. 462.

In *Hughes* v. *Beggs, supra,* the court said: "The trial court erred in permitting witnesses to give their opinion as to the utility of vacating the highway. It is settled that witnesses can not give an opinion upon the exact point in issue; and it is also settled, that whether the opening or vacation of a highway will be of public utility is not a question upon which witnesses can express their opinions. *Loshbaugh* v. *Birdsell,* 90 Ind. 466; *Yost* v. *Conroy,* 92 Ind. 464; *Thompson* v. *Deprez,* 96 Ind. 67."

A highway may be vacated because of its comparative

uselessness by reason of construction of other roads. The vacation will be denied because a new highway is not established.

In *Whetton* v. *Clayton, supra,* the court said: "It is contended by the appellants that the trial court erred in refusing to permit them to prove that private persons had offered to construct a foot-bridge across a stream which crosses the highway. There was no error in this. A highway is a very different thing from a mere private way built or maintained by private individuals. The public and individuals have very different rights respecting it from those which they have in a private way. It is not proper to prove what individuals will do, where the question is whether a public way shall be laid out, or whether one already opened shall be maintained."

In *Opp* v. *Timmons, supra,* the court held that the fact that a highway sought to be established includes a traveled way which otherwise might become a highway by use could not affect the question of utility. Existing ways, the condition of population, location of markets, character of soil, and physical features of the locality are proper subjects of inquiry in determining the utility of a highway sought to be established.

In *Pittsburgh, etc., R. Co.* v. *Reich* (1881), 101 Ill. 157, it is said, in the syllabus: "Whether a thoroughfare is used, and how used, and worked upon by public authorities, or abandoned, depends upon certain facts only, and not on the opinions of witnesses. So, also, the use made of a street by a railroad company is an existing fact, while the use that ought to be made of it is a mere matter of opinion. Witnesses not experts should be allowed to testify only to facts, and not give their opinions, and leave the jury to draw conclusions from the facts."

For errors above enumerated, the judgment is reversed, with instructions to sustain appellants' motion

for a new trial, and for further proceedings not inconsistent with this opinion.