BOSS ET AL. *v.* DEAK ET AL.
[No. 26,269. Filed October 20, 1936.]

L. D. Hall, for appellants.

Church & Chester, Orrin Markel, and Farabaugh, Pettengill & Chapleau, for appellees.

HUGHES, C. J.—It appears from the record that appellees filed a petition before the board of county commissioners of Elkhart county, Indiana, to vacate a certain public highway in said county; that viewers were appointed and reported that the vacation of said highway would be of public utility; that appellants and seventy-four others filed their remonstrance before the board of county commissioners on the ground that the highway in question was of public utility; that reviewers were appointed to review the highway proposed to be vacated; that the reviewers made report that the vacation would be of public utility. The appellants and four others appealed to the Elkhart Circuit Court from the judgment of the board of commissioners; a change of venue was taken, and the cause was sent to St. Joseph Superior Court No. 1. A trial was had in that court in favor of appellees; from the judgment an appeal was taken to the Supreme Court of Indiana, and the judgment of the lower court was reversed, and ordered a new trial; Albert B. Chipman was appointed special judge by Governor Leslie to try the case; appellees filed a motion to dismiss the remonstrance which was overruled by Judge Chipman; the appellants asked leave to amend the remonstrance which was granted, and the remonstrance was amended; appellees again filed a motion to dismiss the remonstrance and appeal which was over-

ruled; appellees then filed an affidavit for a change of venue from Judge Chipman which was granted, and Governor Leslie appointed Mark B. Rockwell as special judge. Judge Rockwell qualified, and the appellees filed their motion to dismiss the amended remonstrance, the same motion that had been before Judge Chipman, and which he had overruled. The appellants filed objections to the motion to dismiss, but the motion to dismiss the amended remonstrance was sustained, and the appeal was ordered dismissed, and judgment was rendered against appellants. From this judgment this appeal was taken.

The question presented for consideration is, Did the lower court commit error in sustaining the motion to dismiss the remonstrance and the appeal from the board of commissioners to the Elkhart Circuit Court?

The petitioners alleged in their remonstrance "that the said highway proposed to be vacated *is of public utility* . . . and ask that other viewers be appointed by the board of commissioners to examine such highway proposed to be vacated, whether or not the same *be of public utility*." The appellees in their motion to dismiss the appeal of the remonstrators to the Elkhart Circuit Court state:

"The remonstrance which says that the highway is of public utility does not raise any question as to the public utility of the vacation of the highway and does not raise any issue of law or fact as to the public utility of the vacation of the highway. The question of the public utility of a highway is one question which is only germane to the opening of a highway."

The statute relating to the filing of a remonstrance is as follows:

"If any freeholder of, and residing in such county shall remonstrate against the proposed highway at any time before final action thereon as not being

of public utility, other reviewers may be appointed, who shall, after having taken an oath faithfully to discharge the duties assigned them, meet at the time and place designated, and then, or on a day to be by them fixed, proceed to examine the proposed highway, and shall make report to such board at its next session, whether, in their opinion, the said highway, vacation or change will be of public utility . . ." Section 8590, Burns 1926, §36-209, vol. 7, Burns 1933; §8762, Baldwin's 1934.

It is the contention of appellees that under the foregoing statute the remonstrance should have been on the ground that the proposed "vacation of the highway will not be of public utility", and that the language, "the said highway proposed to be vacated is of public utility", is not sufficient to constitute a good remonstrance.

We think the contention of the appellees is extremely technical, and not in accordance with a proper construction of the statute. They say that the statement in appellants' remonstrance, "that the said highway proposed to be vacated is of public utility, is convenient, necessary and in general use by and for the general public" is a negative pregnant, and is equivalent to an admission that the vacation of the highway would be of public utility. We cannot follow this reasoning. We must accept the use of words in their usual and common meaning, and when this is done we cannot give them such an interpretation as given by appellees. They cite the case of *Wells et al.* v. *Rhodes et al.* (1888), 114 Ind. 467, 16 N. E. 830, as sustaining their position. The language therein used was that the proposed highway would "not be of *sufficient* public utility," and the court held that this was a negative pregnant and equivalent to an admission that it would be of public utility. Conceding that the foregoing is a correct statement of the law, it is not applicable here where it is positively stated

"that said highway proposed to be vacated *is of public utility*," and in the prayer of the remonstrance the petitioners asked "that other viewers be appointed by the board of commissioners to examine such highway proposed to be vacated, whether or not the same *be of public utility*."

"A negative pregnant involves and admits of an affirmative implication or at least an implication of some kind favorable to the adverse party." Words & Phrases, vol. 5., page 4739. It is a form of negative expression that implies or carries with it an affirmative. Bouvier Law Dictionary. As said in the case of *McIntosh Livestock Co.* v. *Buffington* (1923), (Oregon), 217 Pac. 635:

> "It is a denial in the words of the allegation which it seeks to deny, and its fault lies in the ambiguity it creates, as where a party charged in a pleading with unlawfully taking a thing denies that he unlawfully took it, thereby admitting that he did take it, but denying that he took it unlawfully."

The language used by the remonstrators, as we construe it, does not amount to a negative pregnant. It admits of no implication favorable to the petitioners. The petitioners say, in effect, that the highway is not of public utility, and the remonstrators say that the highway is of public utility, and for this reason it should not be vacated. In other words, when it is said that the highway is of public utility, it is the same, in effect, as saying that the vacation of the highway would not be of public utility. There is no ambiguity in the language, and no one could be misled by the language  And, apparently, the petitioners were not misled. It was tried on the theory in the Commissioners' Court, and the first time in the Elkhart Circuit Court, that the remonstrators were remonstrating on the grounds that the vacation of the highway would not be of public utility. No motion to dismiss or objection was there raised on account of the language used in petitioners' remonstrance. When

the case was appealed to this court, *Boss* v. *Deak* (1930), 201 Ind. 446, 169 N. E. 673, the parties considered that the remonstrance was on the ground that the vacation of the highway would not be of public utility. Upon an examination of the brief of appellees filed in that case, we find they specifically stated therein that "When these proceedings were instituted before the Board of Commissioners of Elkhart County, Indiana, the appellants and fifty-one others filed a remonstrance against the vacation of each of said highways upon the ground that said vacation would not be of public utility. This Court in said appeal so construed the language and stated:

> "The appellees filed their petition before the board of commissioners of Elkhart County, Indiana, to vacate a portion of a public highway, to which the appellants and 74 others filed a remonstrance on the ground that the vacation of such highway would not be of public utility."

The appellees in referring to the statement of the court in *Boss* v. *Deak, supra,* relative to the grounds of the remonstrance, say that the court inadvertently said it was a remonstrance on the ground that the vacation of said highway would not be of public utility. We think the court correctly denominated the grounds of the remonstrance when the parties themselves construed the grounds of the remonstrance as stated by the court. It was so construed when before the board of commissioners, when before the Elkhart Circuit Court and St. Joseph Superior Court on appeal, and when before this court on appeal. It is now too late for the appellees to insist on a different construction.

Error was committed in sustaining the motion to dismiss the remonstrance, and the appeal from the board of commissioners to the Elkhart Circuit Court, and the judgment must be and is reversed.